FREDERICK HOWE, Respondent,

*vs.*

JOHN W. ENGLISH, JANE H. ENGLISH and JOHN DEARSLEY, Appellants.

#### APPEAL FROM THE RACINE CIRCUIT COURT.

The judgment of foreclosure and sale of mortgaged premises when only part of the amount secured by the mortgage is due should not be absolute; but upon the condition that the defendant do not bring into court the money adjudged to be due, with interest and costs, as required by a clause, to be incorporated in the judgment, to that effect.

Where a judgment of foreclosure and sale is rendered as well for the sums due and unpaid, as for other sums secured by the same mortgage and not yet matured and fallen due, the defendant is entitled to a stay of the proceedings, upon paying, before sale, the whole amount actually due, with interest, and costs.

The complainant commenced an action for the foreclosure of a mortgage, and the payment of two promissory notes for the sum of three hundred and seventy-eight dollars and thirty-three cents each, and one promissory note for the payment of three hundred and seventy-eight dollars and thirty-four cents, by filing his bill of complaint and serving a subpoena upon the defendants in the circuit court, for the county of Racine, on the 7th day of January, A. D. 1857. The notes and mortgage were dated upon the 26th day of June, A. D. 1855, and the mortgage claimed to be collateral security for the payment of the notes. The notes were upon interest from the 1st day of October, 1855, at the rate of ten per cent. per annum, and one of them by the terms thereof was due on the first day of October, A. D. 1856. One upon the first day of October, A. D. 1857, and the last upon the first day of October, 1858.

An order requiring the defendants to plead, answer, or demur to the complaint was filed in the office of the clerk of the circuit court for Racine county, April 17th, 1857. The defen-

dants did not appear, plead, answer, or demur as required by said order. On the 21st day of May, A. D. 1857, at a special term of the Walworth county circuit court, the Hon. S. R. Cotton, presiding, the following judgment was rendered :

On reading affidavit showing that the proceedings in this cause have been regular and that notice of *lis pendens* has been filed twenty days heretofore, and this cause having been this day brought on to be heard upon the bill of complaint filed therein, and the report of J. T. Wentworth, which report is confirmed. On motion of C. S.Chase,of counsel for complainant, it is further ordered, that judgment of foreclosure and sale be entered for the sum of thirteen hundred and twenty-one dollars and fifteen cents, and the costs of this suit to be taxed, besides eighty dollars solicitor's fees extra allowance, and that the clerk of this court certify the judgment to the clerk of the circuit court for Racine county.

*Paine and Millett*, for appellants.

*C. S. Chase*, for respondent.

*By the Court*, COLE, J. This was a bill filed to foreclose a mortgage upon which an installment of the principal sum secured by the mortgage, with interest, had become due, and remained unpaid, and other installments were to become due subsequently. The decree states that the sum of $564.48 was then due and unpaid, and that the whole amount secured by the mortgage and unpaid was $1321.15. The referee to whom the matter was referred, reported that the mortgaged premises were so situated that they could not, without injury to the parties interested, be sold in parcels, and the decree or judgment of the court was, that all the mortgaged premises be sold, or so much thereof as might be necessary to raise the amount secured by the mortgage, to-wit, the sum of $1321.15. The judgment for the sale of the mortgaged premises was peremptory and

absolute, and omitted to provide, that if, previous to such sale, the defendant should pay the complainant, or bring into court the amount reported as actually due upon the mortgage, and interest, and costs, that then the proceedings in the cause should be stayed. The 87th section of chap. 84, R. S., provides, in cases of this nature, that if after a decree for sale of the premises is entered, the defendant bring into court the principal and interest due, with the costs, the proceedings in the suit shall be stayed; and the decree in the present case, instead of requiring an unconditional sale of the premises, should have contained a clause to this effect. The form of the decree given in 2 Barb. C. P., page 615, contains such a clause, and it seems very reasonable and proper that it should have been inserted in the decree in the case. Suppose the appellant had brought into court, or tendered to the sheriff before sale, the sum actually due upon the mortgage, with interest, and costs; would he have felt authorized, under this decree, to receive that sum and stop the sale? Would the sheriff not have relied upon the mandate of the court, and proceeded with the sale, unless the whole sum secured by the mortgage had been paid? And yet it is most manifest that, by statute, the appellant was entitled to a stay in the proceedings upon paying, before sale, the sum actually due, interests, and costs. This is an insuperable objection to this decree, patent upon the face of it, and cannot be overlooked. We therefore think that the judgment of foreclosure must be reversed, upon this ground, and the cause remanded to the circuit for further proceedings according to law.