ROYAL WOOD and JOHN B. MOON, Respondents.

*vs.*

MARVIN W. TRASK, RACHAEL TRASK, ISAAC HOWLAND, SARAH HOWLAND and SAMUEL G. BAILEY, Appellants.

APPEAL FROM ROCK CIRCUIT COURT.

Where a mortgage is given to secure the payment of a sum of money in two instalments of equal amount, evidenced by two promissory notes payable at different times, and the last instalment and note are assigned with corresponding interest in the mortgage security, the assignee takes such instalment subject to the risk of the adequacy of the security, and subject to the prior note to become due.

A and B took a mortgage to secure a sum of money payable in two instalments, evidenced each by a promissory note of equal amounts, payable at different times, in which each mortgagee had an equal interest. A sold and transferred his interest in the second note to C reserving his interest in the first note. *Held*, that C took the second note subject to the priority of the first note, and subject to the risk of the ultimate and adequate security pledged for the whole of the first note and a *pro rata* share of the remainder.

Where several notes falling due at different times are secured by the same mortgage, equity requires their payment in the order of their maturity, out of the property on which they are secured, unless some special equity intervenes to require a different direction.

By our statute the fee of the mortgaged premises does not vest in the mortgagee upon default of the mortgagor, or upon condition broken; but only vests in the purchaser upon foreclosure and sale.

Where upon foreclosure of a mortgage upon an instalment due and unpaid, other instalments to become due, the judgment is for the whole amount and absolute for the sale of the mortgaged premises, and omits to provide that if previous to such sale the defendant should pay the complainant, or bring the amount actually due on the mortgage with interest and costs into court, the proceedings should be stayed; the judgment was held to be erroneous, and was reversed for such cause.

This was an action to foreclose a mortgage. The complaint which states as briefly as possible, the facts in the case, sets forth that the defendants, Marvin W. Trask and Isaac Howland, on the 16th day of February, 1857, made two promissory notes, by which they promised to pay the plaintiffs $2,000, with interest at ten per cent.; the principal sum payable as follows: $1000 in one year and $1000 in two years from the date thereof, and that to secure the payment of the same, they made, executed, and delivered to the plaintiffs, a mortgage upon certain lands in the city of Janesville, in the county of Rock, and that said $2000 was a part of the purchase money for the mortgaged premises; that the plaintiff, Royal Wood, did, on the 15th day of October, 1857, sell, assign, transfer, and set over unto Charles R. Gibbs, his, said Wood's, interest. in the last payment secured by said notes and mortgage, being the undivided half of said last payment and the interest thereon, and that Gibbs had refused to join as plaintiff in the action. That there had been only fifty dollars paid on said notes and mortgage, and that no proceedings had been had at law to recover said debt or any part thereof; and then concluded with usual prayer for judgment.

Charles R. Gibbs sold to Samuel G. Bailey his interest in the notes and mortgage, and that fact being shown to the court, he was duly substituted in place of Gibbs, defendant.

The defendants appeared by attorney in the action, but put in no answer or demurrer; and at the June term, 1858, of the circuit court for Rock county, the plaintiffs applied for judgment on notice. The action having been referred and the referee having reported that there was due to the plaintiffs on said notes and mortgage, $1,131 09, and to the plaintiff, John B. Moon, $50, for interest on his half of the last payment; that on the 16th day of February, 1859, there would become due to said Moon $550, and at the same time there would become due to the defendant, Samuel G. Bailey, $550, and that the

premises could not be sold in parcels. The attorney for the defendants appeared on that application, and on behalf of Samuel G. Bailey, requested the court to order that the judgment in the action should direct and require the sheriff, out of the proceeds of the sales of the mortgaged premises, to pay to said Bailey a *pro rata* proportion of the said proceeds upon the amount which was secured to him in and by said notes and mortgage, so that he would receive a *pro rata* proportion thereof with the plaintiffs. But the court refused such order; and decided that the plaintiffs were entitled to be first paid the whole amount of the first payment then due, and the $50 due to said Moon for interest, before anything should be paid on the second or last payment of principal to become due on the 16th day of February, 1859, and that said Bailey was not entitled to be paid anything out of the proceeds of the sale of said mortgaged premises, until the costs in said action and expenses of sale, and the said $1,131 09, and $50 had been paid in full; that the plaintiffs were entitled to the whole of the proceeds of such sale, provided they did not exceed the amount then reported due to them upon said notes and mortgage, and that in such an event Bailey would have no security for the payment of the $550, to become due February 16, 1859, other than the personal responsibility of the said Trask & Howland. To such refusal and ruling and decision, the said defendants excepted.

The said court thereupon ordered that judgment for the sum of $1,131 09, be entered against the defendants, Marvin W. Trask and Isaac Howland, in favor of both plaintiffs, and also for $50 in favor of John B. Moon, for the sale of the mortgaged premises, for the payment of the costs of the suit, and the amount due and to become due on said notes and mortgage, and the expenses of sale with interest to the day of sale; and that the sheriff pay over to said plaintiffs and each of them the amounts due them, pay said costs to the plaintiffs

Wood and Moon vs. Trask et al.

or their attorneys, and bring the surplus moneys into court; and thereupon judgment was, on the 8th day of June, 1858, entered in said action, for the sale of the whole of said mortgaged premises, by which judgment it was adjudged among other things, " that out of the moneys arising from such sale after deducting the amount of his fees and expenses on such sale, the said sheriff pay to the plaintiffs, or their attorneys, the sum of $64 75, adjudged to the plaintiffs for costs and charges in this action, with interest from the date hereof; and also the amount so reported due as aforesaid, together with the legal interest thereon, from the date of said report, or so much thereof as the purchase money of the said mortgaged premises will pay of the same, take a receipt therefor, and file it with his report of sale; that he bring the surplus moneys (if any) into court after he receives the same."

F.om this judgment the defendants appeal to this court.

*Sleeper & Norton*, for the respondents.

The only point presented in this case is, whether a holder of a debt payable in two or more payments, which is secured by mortgage upon real estate, who sells and assigns the second or other payment than the first, and so an interest in the mortgage to the extent of that payment, for a valuable consideration, can, when the first payment becomes due, bring an action against the mortgagor, and his assignee of the payment, and the interest in the mortgage, and have judgment in the case that the whole of the mortgaged premises be sold, and the proceeds of the sale in the first instance applied to the payment of his first payment, and in that way deprive his assignee of all interest in the mortgaged premises; if the proceeds shall not be more than sufficient to pay the first payment and costs, when he, the plaintiff, had by his own act created that interest in his assignee, and whether, when only a part of the mortgaged debt is due the judgment, should not provide

for a stay of proceedings in the suit, in case the mortgagors should, before sale, bring into court the principal and interest due, with costs. We humbly submit that a court of equity would never allow so great an injustice. It might be that when the first 'payment was first assigned to one, and after that the second payment should be assigned to another, a right to priority of payment out of the mortgaged premises might be created, though even then, we think, a court of equity would apportion the proceeds *pro rata* according to the amount secured to each.

A mortgage of real estate at law becomes absolute upon condition broken, and the fee is at once vested in the mortgagee or his assigns, subject only to be redeemed in equity, by the mortgagor or his assigns. Now when, as in this case, the mortgagee assigns a part of the mortgage debt, and an interest in the mortgage to the extent of that debt, his assignee becomes in effect co-mortgagee with him ; and when any condition of the mortgage is broken, the fee does not vest in the mortgagee holding the payment then due, exclusively; but it vests in him and his assignee and co-mortgagee, *pro rata*, according to the respective amounts secured to each by the mortgage. And a court of equity will not come in and foreclose the equity of redemption of the mortgagor, and by its judgment, divest one of the mortgagees of his legal estate, and vest the whole in his co-mortgagee. The sale of the property to pay the mortgaged debt cannot change the rights of the parties ; they are entitled at law to fee *pro rata*. Equity will protect that right by strict foreclosure, and when it orders a sale, will distribute the proceeds in the same manner and to the same extent as the title vests at law. The judgment in this case is absolute, to be sold, and payment of the amount due with costs would not entitle the defendants to a stay of proceedings. 17 Leight S. R., 400.

Wood and Moon vs. Trask et al.

*Bennett, Sloan & Patten,* for the respondents.

1. Where several notes falling due at different times are secured by a mortgage, they are to be paid from the proceeds of the property in the order in which they fall due. *State Bank vs. Tweedy,* 8 Blackf. 447 ; *Hunt vs. Stiles,* 10 N. H., 466 ; *Bank U. S. vs. Covert et al.,* 13 Ohio, 240.

*By the Court,* Cole, J. The statement of the facts in this case sufficiently shows the relations and rights of the parties. From this it appears that Royal Wood, one of the joint mortgagees, sold and transferred unto one Gibbs, his interest in the second note secured by said mortgage, being one-half thereof, reserving his interest in the first note to become due, of like amount, secured by the same mortgage, that Gibbs refused to join in the foreclosure suit, and had assigned his interest in said second note to the defendant Bailey. But one note had become due at the time of the decree. Upon report of the referee it appeared that the mortgaged premises could not be sold in parcels, and the whole were ordered to be sold, and out of the proceeds the plaintiffs to be paid the amount of the first note or installment then due, together with interest and costs, and the surplus moneys, if any, to be brought into court.

The attorney for the defendants, on behalf of Bailey, requested the court to order that the judgment in the action should direct and require the sheriff, out of the proceeds of the sale of the mortgaged premises, to pay to Bailey a *pro rata* proportion of the proceeds upon the amount which was secured to him in and by said notes and mortgage, so that he would receive a *pro rata* proportion thereof with the plaintiffs." The court refused so to order, and the defendants' attorney excepted.

In this it is contended that the court erred. But it is quite clear that the court was right so far as the judgment settled

the priority of right to the proceeds of the mortgaged premises. The assignee of the last installment, or note, took the same subject to all risks as to the adequacy of the proceeds to a complete security, and subject to the prior notes to become due and secured thereby. He was aware that on default to meet the first payment the mortgage would be liable to foreclosure in the manner provided by statute. He therefore took the assignment of the last installment subject to such risk, relying, as he must have done, upon the value of the pledged security and the personal responsibility of the mortgagors.

The rule of law is tolerably well settled, that where several notes, falling due at different times, are secured by the same mortgage, equity requires their payment in the order of their maturity, out of the property on which they are secured. This is the general rule, and unless some special equity intervenes, to give a precedence to some other claim, this rule must prevail, *State Bank vs. Tweedy,* 8 Blackf., 447 ; 10 N. H., 466 ; 13 Ohio, 240, and cases cited therein.

The assignee of the interest of Wood in the second installment or note, must be presumed to have taken the same in view of the ultimate security of the mortgaged premises, to answer their ultimate liability, or upon the responsibility of the mortgagors.

Our statute has essentially changed the rule of the common law in relation to the position of the fee of the mortgaged premises after condition broken. The fee does not vest upon default of the mortgagor, in the mortgagee, or his assignee. The fee only vests upon sale on foreclosure. The parties contracting in relation to the several sums secured by the mortgaged premises, did so with full cognizance of the law, and must abide its results.

But for another reason the judgment of the court below must be reversed. This action was to foreclose for an install·ment due and unpaid, another installment remaining yet to

mature, and the judgment is absolute, and omits to provide that if previous to such sale the defendants should pay the complainants, or bring into court the amount actually due upon the mortgage, and interest and costs, that the proceedings in the case should be stayed. In *How vs. English*, 6 Wis. 262, we said : " The 87th section of chapter 84, Rev. Stat. provides, in cases of this nature, that if after a decree for sale of the premises is entered, the defendant brings into court the principal and interest due, with the costs, the proceedings in the suit shall be stayed; and the decree in the present case, instead of requiring an unconditional sale of the premises, should have contained a clause to this effect. The form of the decree given in 2 Barb., C. P., page 615, contains such a clause, and it seems very reasonable and very proper that it should have been inserted in the decree in this case. Suppose the appellant had brought into court, or tendered to the sheriff, before sale, the sum actually due upon the mortgage, with interest and costs, would he have felt authorized, under this decree, to receive that sum and stop the sale ? Would the sheriff not have relied upon the mandate of the court, and proceeded with the sale, unless the whole sum secured by the mortgage had been paid ? And yet it is most manifest that, by statute, the appellant was entitled to a stay in the proceedings upon paying, before sale, the sum actually due, interest and costs. This is an insuperable objection to this decree, patent upon the face of it, and cannot be overlooked."

We have no doubt of the correctness of this ruling, and it must be applied here.

The judgment in this case falls short of the requirement of the statute in this respect, and must be reversed.

Judgment reversed with costs.