## SAUER *vs.* STEINBAUER.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard November 9, 1859.]                    [Decided January 4, 1860.

### *Mortgages.*

Where upon foreclosure of a mortgage upon an instalment due and unpaid, and other instalments are to become due, the judgment is for the whole amount due and to become due, and absolute for the sale of the mortgage premises, and omits to provide that, if previous to such sale, the defendant should pay the complainant, or bring the money actually due on the mortgage, with interest and costs, into court, the proceedings should be stayed; the judgment was reversed for that reason.

The cases of *How vs. English,* 6 Wis., 262, and *Wood et al. vs. Trask et al.,* 7 id., 566, cited and followed.

This action was brought by Ferdinand Sauer against Charles Steinbauer, to foreclose a mortgage on which one of three payments had become due, and the others to become due; on which judgment was entered for the whole amount, and for an absolute sale of the mortgaged premises. From which the defendant appealed to this court.

*Hooker & Spangenburg,* for the appellant.

*J. Downer,* for the, respondent.

*By the Court,* PAINE, J.   The single question presented on this appeal is, whether, in a judgment of foreclosure and sale, where some of the instalments are yet to become due, it is necessary to insert the provisions of the statute, that if the money is paid before sale, the proceedings should be stayed. The point has been decided in the affirmative by this court, in *Howe vs. English,* 6 Wis., 262, and that decision was again followed in *Wood et al. vs. Trask et al.,* 7 id., 566.   And whatever might be the opinion of the court as now constitu-

ted, were the question now first presented, yet we do not feel inclined to disturb an express decision of the court upon a matter which is only one of form. Having been decided, it is as easy for attorneys to conform to that decision in drawing their judgments, as to follow any other established form. And if, whenever a change occurs upon the bench, prior decisions upon questions of practice should be changed to suit the opinions of new judges, the practice never would be settled.

The judgment is reversed with costs and the cause remanded, with directions to enter a judgment in accordance with this opinion.