### RICE vs. CRIBB and another.

The transfer of a note secured by a mortgage, carries with it the interest in the mortgage.

A reasonable solicitor's fee, in case of a foreclosure, may be stipulated for in a mortgage, and recovered.

A judgment of foreclosure of a mortgage, where a portion of the mortgage debt is not due, should determine the sum actually due to the plaintiff for principal and interest, *and also* the whole amount secured by and unpaid upon the mortgage, with interest, and should contain a provision for a stay of proceedings, in case the defendant, before the sale, shall pay to the plaintiff, or to the sheriff, the amount found due, with interest and costs. *Howe vs. English and others*, 6 Wis., 262, referred to and followed.

The judgment in such a case should be for the whole sum secured by the mortgage and unpaid; and where the court is satisfied, from the referee's report, that the property may properly be sold in parcels, should direct the sale of so much thereof as may be necessary to pay the amount due with costs, &c., and should also provide that the plaintiff, upon default in the payment of any instalments of principal or interest still to become due, may, on application to the court, obtain a further order, founded on the judgment, for the sale of so much of the mortgaged premises as may be sufficient to satisfy the amount so to become due, with costs of the petition and subsequent proceedings thereon; and so on from time to time, as often as default shall happen.

APPEAL from the Circuit Court for *Racine* County.

This was an action commenced in April, 1858, to foreclose a mortgage given to secure the payment of four notes, two only of which were due at the commencement of the suit, the others not falling due until January, 1859. The notes and mortgage were executed by *Cribb* and *Appleton*, to one Mygatt; and the complaint alleges that the notes were as-

signed by the payee to the plaintiff. The mortgage stipulated for the payment, by the mortgagor, of fifty dollars as solicitor's fee, in case of a foreclosure. During the progress of the cause, an order was made by the circuit court, by which it was referred to a court commissioner, "to take the evidence in the action, and to compute, ascertain and report the amount actually due to the plaintiff, for principal and interest on said notes and mortgage, and which remains unpaid, including interest thereon to the date of the report; also to take proof of the facts and circumstances stated in the complaint, and report the same to the court; and also to ascertain and report the situation of the mortgaged premises, and whether, in his opinion, the same can be sold in parcels without injury to the interests of the parties; and if he should be of the opinion that a sale of the said premises in one parcel will be most beneficial to the parties, that he report his reasons for said opinion."

The referee made a full report as to the matters referred to him, showing that the amount due to the plaintiff, at the date of the report, was $1,353,20; that the whole amount secured by the mortgage and unpaid, was $2,530,43; and that the mortgaged premises could be sold in two different parcels, without injury to the interests of the parties. The judgment, which was rendered on the 3d of November, 1858, after reciting the order of reference, and the report thereon, proceeded as follows: "It appears that the sum of $1,353,20, was due [on said mortgage] at the date of said report, and that the premises can be sold in parcels, and on motion of the attorney for the plaintiff, it is adjudged, that the mortgaged premises described in the complaint in this action, as hereinafter set forth, or so much thereof as may be sufficient to raise the amount due to the plaintiff for principal, interest and costs, and which may be sold separately without material injury to the parties interested, be sold at public auction, &c.; that out of the moneys arising from such sale, after deducting the amount of his fees and expenses on such sale, the said sheriff pay to the plaintiff or his attorney, the sum of $54,44, adjudged to the plaintiff for costs and charges in this action, as also the sum of $30,00, which is

hereby allowed to the plaintiff, on application therefor, in addition to the said costs, pursuant to the statute, making together the sum of $84,44, with interest thereon from the date hereof, and also the amount so reported due as aforesaid, making, in all, the sum of $1,437,64, together with the legal interest thereon from the date of said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same; that he bring the surplus moneys arising from such sale, if any there be, into court without delay, to abide the further order of the court; that he make a report of such sale, &c.; that if the proceeds of such sale be insufficient to pay the amount so reported as due the plaintiff, with interests and costs, as aforesaid, that the said sheriff specify the amount of such deficiency in his report of sale; and that the defendants, *James Cribb* and *Samuel B. Appleton*, pay the same to the plaintiff, and that the purchaser be let into possession, &c. It is further adjudged, that the defendants, and all claiming under them after the filing of notice of the pendency of this action, be forever barred," &c. Here followed a description of the mortgaged premises. From this judgment and the order therefor, the defendants appealed.

*Geo. B. Judd*, for appellants:

Although the evidence reported by the referee shows that the premises could be sold in separate parcels without injury to the parties, yet the judgment fails to designate in what order the different parcels shall be sold, but is absolute for the sale of the whole premises. R. S., 858, §6; 5 Paige R., 38; 6 id., 35; 5 John. Ch. R., 235.

Only a part of the amount secured to be paid by the mortgage had become due; yet the order for judgment, and the judgment itself, are peremptory and absolute for the sale of the premises, and omit to provide, as required by law in such cases, that if, previous to the sale, the defendants shall bring into court the principal and interest due, with costs, the proceedings in the action shall be stayed. R. S., 858 §§ 4 and 5; *Howe vs. English*, 6 Wis., 262; 2 John. Ch. R. 486; 4 id., 534.

The report of the referee is also defective.

June Term,
1860.

Rice
v.
Cribb et al.

July 10.

*O. S. Head*, for respondent:

The judgment herein is in due form. The report of the referee showed that the whole amount secured by the mortgage was not due, and also, *that the premises could be sold in parcels.* For form of judgment in such case, see 2 Barbour's Chancery Practice, p. 617. The judgment herein is drawn in accordance with the above form.

The only case in which the plaintiff is entitled to a judgment of foreclosure and sale for a greater sum than is then due, is where the premises cannot be sold in parcels. R. S., c. 145, §§ 6, 8 and 9; 2 Barbour's Ch. Pr., p. 615.

The judgment, in this case, being for no more than the amount actually due, and the premises being susceptible of division, it would have been error if the judgment had been conditional. R. S., c. 145, § 5; *Howe vs. English*, 6 Wis., 262.

*By the Court*, DIXON, C. J. A reference to the judgment roll sent with this case, shows that the counsel for the appellants was mistaken in supposing that the referee named in the order of reference had failed to comply with its requirements. The report was a full and complete answer to all matters referred to him. We can discover no errors in the proceedings, from the time of the making of the order of reference, up to, and including the filing and confirmation of the referee's report. The objection of usury is clearly untenable, and the fact, that there was no formal assignment of the mortgage produced and proven, cannot, at this day, be listened to, as a defense in a foreclosure action. The transfer of the notes carries with them the interest in the mortgage. We are of opinion, however, that the judgment, as rendered, is erroneous and irregular in matters of substance as well as of form, and that it must, therefore, be reversed.

The action was commenced to foreclose a mortgage, where a part only of the principal sum secured, with interest, was due, the residue being payable at a future time. The judgment, instead of adjudging and determining the sum actually due to the plaintiff at the date of the report of the

June Term,
1860.

RICE
v.
CRIBB et al.

referee, for principal and interest, *and* the amount secured by, and unpaid upon the notes and mortgage, with interest to the date of such report, *only* adjudges and determines the sum actually due. There is no provision for a stay of proceedings under the judgment, in case the defendants should, before the day appointed for the sale, pay to the plaintiff, his attorney or the sheriff, the amount found actually due, with interest and costs. If this was necessary in a judgment like that in the case of *Howe vs. English* 6 Wis., 262, it is certainly equally so here. No reason can be urged for its insertion in that case, which does not exist in equal degree in this; and although I can see no particular necessity for it in either, yet as it has once been adopted by this court, no great harm or inconvenience can ensue from its enforcement when it is once understood by the profession. The only feature in which this case differs from *Howe vs. English*, is that there the referee found and reported that the mortgaged premises were so situated that they could *not* be sold in parcels, while here he found and reported that they could be so sold. The mortgagor's right, by payment, to stop proceedings, is of course not affected by this circumstance. But the most substantial defect in the judgment under consideration, in our opinion, consists in its failure to make any provision, or to give any direction, as to the instalments of principal or interest which were thereafter to become due. The judgment is in the precise form in which it would have been, if the principal and interest actually due were the entire amount secured by or unpaid upon the mortgage. The pleader seems to have acted upon the idea that he was at liberty to proceed in this manner to enforce the payment of the sum actually due; and that upon the judgment thus obtained having performed its functions, or upon the payment of the same by the mortgagors, and a default accruing in the payment of a future instalment of principal or interest, the plaintiff could commence a fresh action of foreclosure. A glance at the provisions of sections 86, 87, 88, 89 and 90, of the statutes of 1849, under which this judgment was entered, which are identical with sections 4, 5, 6, 7 and 8, of chapter 145, of the statutes of 1858, will show that this notion is quite a

mistaken one.    The first section provides, that whenever an action shall be commenced for the satisfaction or foreclosure of any mortgage, upon which a part only of the principal or interest shall be due, and other portions to become due subsequently, the action shall be dismissed, upon the defendant's bringing into court, at any time before the order of sale, the principal and interest due, with costs.    The second, that if, after an order of sale shall be entered against a defendant in such case, he shall bring into court the principal and interest due, with costs, the proceedings shall be stayed; *but the court shall enter judgment of foreclosure and sale, to. be enforced by a further order of the court upon a subsequent default of payment of. any principal or interest thereafter to grow due.* The third, that if the defendant shall not bring into court the amount due, with costs, or. if for any other cause judgment shall be entered, the court shall direct a reference to a proper officer, to ascertain and report the situation of the mortgaged premises; and if it shall appear that the same can be sold in parcels, without injury to the interests of the parties, the judgment shall direct so much of the premises to be sold as will be sufficient to pay the amount then due, with costs, *and such judgment shall remain as security for any subsequent default.*    The fourth of the sections above referred to declares, that if, in the case mentioned in the preceding section, there shall be any default subsequent to such judgment, in the payment of any portion or instalment of the principal, or of any interest due upon such mortgage, the court may, upon petition of the plaintiff, by further order *founded upon such first judgment,* direct a sale of so much of the mortgaged premises to be made under the judgment, as will be sufficient to satisfy the amount so due, with the costs of such petition and the subsequent proceedings thereon; and the same proceedings shall be had as often as default shall happen.    These provisions sufficiently show that there is to be but *one* judgment of foreclosure and sale.    It being a proceeding *in rem*, as well as *in personam*, and most frequently attended with heavy expenses, it would, beside the inconsistency of allowing several judgments to be entered for the foreclosure of one mortgage, be a most grievous burden, if

the mortgagors were to be subjected to costs of a separate action and judgment, on each default in the payment of any portion of the principal or interest. There can be but one judgment, and in a case like the present, it should contain an order that the plaintiff, upon default in the payment of any instalments of principal or interest thereafter to grow due upon the notes and mortgage, be at liberty to come before the court, and, upon petition, to obtain a further order, founded on such judgment, directing the sale of so much of the mortgaged premises as will be sufficient to satisfy the amount so due, with costs of petition and subsequent proceedings thereon, and so on from time to time, as often as a default shall happen. This, in our opinion, is the course of proceeding plainly indicated by the statute; and in a case like the present, it might be very doubtful whether, after taking a judgment like that appealed from, the plaintiff could, on default of the payment of a future instalment, resort to the mortgage as a security to enforce it. We were referred by the respondent's counsel to the forms commencing on pages 615 and 617 of the 2d volume of Barbour's Chancery Practice. That commencing on page 615, is where a part only of the debt is due and the premises *cannot* be sold in parcels. It was upon this that *Howe vs. English* was decided. That beginning on page 617, is where a part of the debt is not due and the premises *can* be sold in parcels. It was this last which the counsel says he pursued in the present case. An examination of it, if we are to go to *forms* to ascertain the law, will show that it not only finds the amount actually due, but the sum secured and unpaid upon the mortgage, and also that it decrees that on the foot of the judgment a further order of sale may be made, to satisfy any subsequent instalment of principal or interest which may thereafter remain unpaid. In this respect it was probably a compliance with the requirements of the statutes of New York, from which our own are for the most part taken.

This court has frequently held that a reasonable solicitor's fee, in case of foreclosure, might be stipulated for in the mortgage and recovered in the action; and in the present case we do not think it unreasonable that the plaintiff, in ad-

dition to his statutory costs, should recover that which the defendants agreed to pay.

The judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.