## ROE vs. NICHOLSON, impleaded, &c.

It is not necessary that a judgment of foreclosure should be conditional, or should direct that, upon payment of the amount due before the sale, proceedings should be stayed, where it appears that the mortgaged premises can be sold in *parcels*, and the judgment is for a sale of so much only of the property as will raise the amount actually *due*.

APPEAL from the Circuit Court for *Rock* County.

No statement of the facts is necessary to an understanding of the opinion of the court.

January Term,
1861.

JURGENS
v.
COTTON.

March 12.

*Eldridge, Pease & Ruger*, for appellant, cited 6 Wis., 262 ; 7 id., 566.

*Potter & Winans, contra*, cited 2 Barb. Ch. P., 617.

*By the Court*, COLE, J.   This case does not come within the decision of *Howe vs. English*, 6 Wis., 262.   For although a part only of the mortgage debt was due, and a part was thereafter to become due, it appeared that the mortgaged property could be sold in parcels, and the judgment was for a sale of so much of the mortgaged property as would be sufficient to pay the amount actually due.   It is said that by the reasoning of the court in the case of *Howe vs. English*, the judgment in this case should have been conditional, and not for an absolute sale of so much of the property as would pay the sum due.   But this case is distinguishable from that of *Howe vs. English*, and we are not disposed to extend the rule laid down in that case so as to embrace cases not strictly falling within it.   In that case the mortgaged property could not be sold in parcels, and the judgment was that the whole be sold and the plaintiff paid the amount due and to become due.   It may be said that this is a distinction without a difference, but we are disposed to adopt it.

The judgment of the circuit court is affirmed, with costs.