January Term,
1861.
─────
JURGENS
v.
COTTON.

March 12.

*Eldridge, Pease & Ruger*, for appellant, cited 6 Wis., 262 ; 7 id., 566.

*Potter & Winans, contra,* cited 2 Barb. Ch. P., 617.

─────────────

JURGENS VS. COTTON.

Where a part only of the mortgage debt is due and the mortgaged premises *cannot* be sold in parcels, the judgment should not be absolute for the sale of the property for the whole sum due and to become due, but should provide that proceedings be stayed upon the payment before a sale, of the amount actually *due* upon the mortgage, with interest and costs. *Howe vs. English*, 6 Wis., 262.

APPEAL from the Circuit Court for *Milwaukee* County.
*Coon, Hollister & Cotton*, for appellants.
*Brown & Ogden*, for respondents.

March 12.

*By the Court,* COLE, J.   This case presents precisely the

same question of practice as was involved in the case of *Howe vs. English*, 6 Wis., 262. A part only of the mortgage debt was due, and the mortgaged property was so circumstanced that it could not be sold in parcels. The judgment did not provide that if, previous to a sale under it, the mortgagor should pay the amount actually due upon the mortgage, with interest and costs, then the proceedings should be stayed, but was for an absolute sale of the property, and that the respondent be paid the whole sum due and to become due. In *Howe vs. English*, this form of a judgment or decree was held to be erroneous. It is suggested that this case was not well considered, and that such a clause in a judgment is entirely unnecessary and merely embodies a provision of the statute. However this may be, the case of *Howe vs. English* has been followed in several subsequent cases, and we are not disposed to overrule it now. *Wood vs. Trask*, 7 Wis., 566; *Sauer vs. Steinbauer*, 10 Wis., 370.

The judgment of the circuit court is reversed, and the cause remanded to the circuit court to enter a judgment in conformity to this opinion.