## MANNING VS. McCLURG and others.

In an action to foreclose a mortgage on real estate, the plaintiff should be requir-
ed to prove the filing of the notice of *lis pendens* by producing the original
notice with proof of its having been filed in the office of the proper register
of deeds, or a copy of it certified by the register in the manner prescribed by
statute.   R. S., chap. 13, sec. 145;  chap. 137, sec. 71.

Such proof is, under our rules of practice,  no part of the record in the action,
unless made so by being incorporated into a case or bill of exceptions.

Where such proof has not been made a part of the record, this court will
presume that a recital in the judgment that such notice was duly filed, is cor-
rect.

Where it appears from the record that there was no proof of the filing of such
notice, *it seems* that the judgment will be reversed, on appeal taken by the
mortgagor or by any other party interested in the funds arising from the
sale of the mortgaged premises.

The admission of secondary evidence, if not objected to, will not in general con-
stitute error.

Where it appears from the record that all the defendants in a foreclosure action
were personally served with the summons, no affidavit is required showing
that none of them were absentees.

June Term, 1861.

MANNING
v.
McCLURG et al.

Where an instalment of the mortgage debt falls due after the commencement of the action to foreclose, but before judgment, that instalment may properly be included in the amount for which judgment is rendered.

The rule requiring that a judgment of foreclosure and sale shall provide that if previous to the sale the defendants or either of them shall bring into court the principal and interest due, with costs, proceedings shall be stayed, is confined to cases where only a part of the mortgage debt is due, and the premises cannot be sold in parcels.

APPEAL from the Circuit Court for *Racine* County.

On the 12th of March, 1856, the defendant *Sage* sold to *McClurg* certain lands, and took from him a bond for the unpaid purchase money, secured by a mortgage on the same lands. On the 3d of November, 1858, *Sage* and *McClurg* executed to the plaintiff their promissory note of that date for $1903.93, at six months, and as collateral security *Sage* assigned to the plaintiff said bond and mortgage. On the 6th of August, 1859, this action was commenced to foreclose the mortgage, *Sage* being made a defendant on the ground that he had refused to join therein as plaintiff. One *Van Pelt* was also made a defendant as owner of a subsequent lien or interest. The complaint alleged default in the payment of the note, and also default in the payment of two instalments of the mortgage debt, amounting to $2,810.91, with interest from March 12, 1859; and that there would become due on said bond and mortgage March 12, 1860, the sum of $2,125 and interest on the same for one year. On the 16th of April, 1860, the circuit court made an order referring it to a commissioner to compute and ascertain the amount due to the plaintiff and the defendant *Sage* respectively, on the bond and mortgage mentioned in the complaint; to take proofs as to the allegations of the complaint, &c. The order recites that it was made on the filing of proof of the personal service of the summons in the action upon all the defendants therein, that no answer had been put in, and that there were no infant or absent defendants. On the 17th of the same month the referee reported, among other things, that the allegations of the complaint were true, and that the amount due the plaintiff on the note was $2,031.11, and the amount due the defendant *Sage* on said bond and mortgage, *at the date of said report*, was $3,260.10. The printed case shows

June Term, 1861.

MANNING
v.
McCLURG et al.

that on the 2d of May, 1860, the plaintiff's attorney filed an affidavit that more than ninety days had elapsed since the service of the summons personally upon *all* the defendants; that none of them had appeared or answered the complaint to the knowledge of the deponent; and that on the 6th of August, 1859, a notice of the pendency of the action was filed in the office of the register of deeds of Racine county, containing, as the deponent believed, all that was required to be set forth in such notice by section 7 of chap. 124 of the Revised Statutes of this state. On the 4th of May, 1860, judgment of foreclosure was rendered, with directions that the premises be sold to raise the amounts so reported due to the plaintiff and the defendant *Sage* respectively, &c. The judgment recites that it is made "on reading the affidavit of one of the attorneys for the plaintiff proving that no answer or demurrer to the complaint had been put in by or received from said defendants or either of them, and that due notice of the pendency of the action was duly filed in the office of the register of deeds in and for said county of Racine, on the 6th of August, 1859." It contains no provision for a stay of proceedings in case the defendants or either of them should, before the day of sale, bring into court the amount due with costs.

From this judgment and from all the orders of the court made in the cause, the defendant *McClurg* appealed.

*George B. Judd*, for appellant.

*Lyon & Adams*, for respondent.

*By the Court*, DIXON, C. J. Unlike the rules of the courts of New York, our rules of practice do not prescribe the manner in which the plaintiff, in an action affecting the title to real property or for the foreclosure of a mortgage, shall show that he has filed a notice of the pendency of the action as required by section 7 of chapter 124 of the Revised Statutes. In New York it is provided that it shall be by affidavit or the certificate of the clerk of the county in which the mortgaged premises are situated. Rule 46 of Supreme Court; Howard's Code, 713. The same rule prevailed under the act of May 14th, 1860, to reduce the expenses of

December 11.

June Term, 1861.

Manning
v.
McClurg et al.

foreclosing mortgages in the court of chancery (Rule 134; 2 Barb. Ch. Pr., 183), and under the judiciary act of May 12, 1847. Rules in Equity of 1847, No. 91 In the absence of a rule of court upon upon the subject, it would seem that the proofs should be governed by the rules of law applicable to written or documentary evidence in general, and that the plaintiff should be required to produce the best evidence of which the nature of his case admits. This would be the original notice, with proof of its having been filed in the office of the proper register of deeds, that being the office in which by our statute the same is required to be filed; or a copy of it, certified by the register in the manner prescribed by statute. R. S., chap. 13, sec. 145; id., chap. 137, sec. 71. Under a rule like that in New York, it is not improbable that the affidavit or register's certificate would constitute a part of the record, so that this court, upon appeal, could examine it and determine whether the statute had been complied with; and if it had not, we might reverse the judgment and remand the cause in order that the defect might, if possible, be cured by the taking of new proof, and if not, that further proceedings might be had according to law. But without a rule, it is manifest that the evidence cannot appear, unless the defendant is present to object and cause his exceptions to be regularly made a part of the record. In the absence of exceptions showing what the proof was, it must be taken to have been regular and sufficient; for we cannot presume that the court would have acted upon it, or rendered the judgment, unless it was so. Such is the position of this case. The affidavit forms no part of the record, and cannot be noticed. The judgment recites that notice of the pendency of the action was duly filed in the office of the proper register; and from all that appears, it cannot be said that the court did not reject the affidavit and require further proof of the fact. This recital cannot be impeached except by matter of record showing that it is incorrect. Still if it appeared that the affidavit was the only evidence, it is doubtful whether the judgment would be considered irregular. It is but secondary evidence, which, under some circumstances, may be received, and

June Term,
1861.

MANNING
v.
McCLURG et al.

which, if not objected to, will not in general constitute good ground of error. In *Boyd vs. Weil*, 11 Wis., 58, we decided that a judgment of foreclosure and sale would not be reversed because proof of filing such notice did not appear of record. In that case we may, indeed, seem to have gone somewhat farther, and to have held that the judgment would not be reversed, even though it appeared that there was no proof of the filing of the notice. That however was not a point considered. On the other hand, there seem to be very good reasons for holding that such is not the correct rule of law. It is no doubt true, as there stated, that the judgment is not *void* for want of such notice. It is not an objection which goes to the jurisdiction of the court, and hence the judgment cannot for that reason be collaterally impeached as against a *bona fide* purchaser under it. *Potter vs. Rowland*, 4 Seld., 448, and *Curtis vs. Hitchcock*, 10 Paige, 399, are to this point; yet it is distinctly said in each that the omission makes the judgment irregular. If this be so, it would seem to follow that advantage may be taken of it on appeal or in any direct proceeding. The effect of filing the notice is sufficiently obvious from the language of the statute. It is declared that "from the time of the filing *only* shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby." The object evidently is to cut off all rights and interests in the property which may be acquired subsequently to the notice, so that the title which will be made by the sale shall be perfect against all equities, especially against the entire equity of redemption, which is of the greatest consequence. This being so, it seems clear that the mortgagor and all other parties interested in the funds arising from the sale, are also interested in the question, and that they should have a right to object to the want of such notice. It is important to the mortgagor because he is ultimately liable for the debt, and therefore interested in having the mortgaged premises bring the highest possible price, which can only be when purchasers feel assured that the title which they acquire is perfect and indefeasible. The same is true of other parties who may be entitled to share

June Term,
1861.

MANNING
v.
McCLURG et al.

in the proceeds should they exceed the amount of the mortgage debt and costs. It seems reasonable therefore, although the judgment is not void, that the mortgagor should in the action itself be allowed to object for the want of such notice.

The objection that there was no affidavit showing whether any of the defendants were absentees, as required by rule 30, is obviated by facts appearing upon the face of the record. The object of this requirement is manifest from the rule itself. It is that the plaintiff may be compelled to furnish proofs of the facts and circumstances stated in the complaint, and that he or his agent may be examined on oath as to any payments which have been made. The reason of it is that non-resident defendants, upon whom no process has ever been served, cannot, like resident defendants who have been personally served, be supposed, by their failure to answer, to have confessed that they have no defense to the complaint, or that the plaintiff has a good cause of action. This conclusion, which is very fair and just as to the latter, would be very harsh and unjust in the case of the former, and hence the law does not adopt it, but leaves the plaintiff to establish his case by legal proof of every material fact necessary to his recovery. It appears from an inspection of the record, that the process in the case was personally served on each of the defendants by the sheriff of Racine county. It is not therefore within the reason or letter of the requirement, but in the language of the rule itself, it was "otherwise" shown by the plaintiff that none of the defendants were absentees.

To the objection that the judgment includes the last instalment, which was not due when the action was commenced, but which became due before the cause was heard, the constant practice of the courts in such cases should be a sufficient answer. But if an authority is needed, *Adams vs. Essex*, 1 Bibb, 149, is a direct one. It is there observed that a court of equity, having acquired jurisdiction of the cause by reason of the non-payment of the instalment due at the commencement of the suit, has, from the liberality of the principles and rules by which it is governed, the power so to mould and fashion its judgment either as to a part or the

June Term,
1861.

ZWEIG
v.
HORICON IRON
& MAN. CO.

whole of the demands, as to do complete justice to the parties; and that it ought not to turn the parties round at the hearing to begin *de novo*, but should go on to finish the controversy. The defendants, having violated their contract by neglecting to pay the instalment which became due pending the action, ought not to complain because their previous default had furnished the plaintiff with a more ready and expeditious remedy for the breach.

The only remaining objection to the judgment is, that it omits to provide that if previous to the sale the defendants or either of them shall bring into court the principal and interest due, with costs, the proceedings under it shall be stayed. The rule in the cases of *Howe vs. English*, 6 Wis., 262, and *Rice vs. Cribb*, 12 Wis., 179, is confined to cases where only a part of the mortgage debt is due and the premises cannot be sold in parcels. *Roe vs. Nicholson*, 13 Wis., 373.

Judgment affirmed.