## HERALD v. HARPER and Another.

The acts of one of several administrators, in respect to the administration of the effects, are deemed to be the acts of all, and are valid.

*A.*, *B.*, and *C.* were *D.*'s administrators. *C.*, *D.*, and *E.* were partners in trade when *D.* died. *A.* and *B.*, as two of the administrators, of the one part, and *C.*, in his individual capacity, of the other, settled the partnership business, and found there was due from *C.* to *D.*'s estate a certain sum, for which *C.* gave his note to *A.* and *B.* as administrators. *Held*, that the note was founded on a sufficient consideration and was valid.

ERROR to the *Knox* Circuit Court.

DEWEY, J.—This was an action of assumpsit by *Herald* against *Jacob Harper* and *Shepherd*. The declaration contains three counts. The first is on a promissory note made by the defendants and one *William Harper*, deceased, for 1,500 dollars payable to *Thomas Scott* and *Henry K. Wise*, as the administrators of *Matthias Rose*, deceased,—*Jacob Harper* promising as principal, and the other two makers as sureties. The note was indorsed by the payees to the plaintiff. The second count is on a similar note, and differs from the first only in the manner of averring the assignment of the note.

The third count is on an *insimul computassent*. The defendants pleaded five pleas, three of which were replied to; demurrers to the replications, and joinders. Demurrers to the fourth and fifth pleas, and joinders. These two pleas are substantially the same, and are as follows: That the "note" in the declaration mentioned was made without any consideration in this—that the defendant, *Harper*, one *George W. Harper*, and *Matthias Rose* in his lifetime and until his death, were partners in trade under the firm of *Rose* and *Harpers*; that the payees of the note, *Scott* and *Wise*, together with *Jacob Harper*, were the joint administrators of *Rose*; that the only consideration of the note was a balance claimed by *Scott* and *Wise*, as the administrators of *Rose*, to be due to his estate from *Jacob Harper*, on a compromise or settlement of the partnership concerns, made by *Scott* and *Wise* on one side, and *Harper* on the other. The demurrers to these two pleas were submitted to the Court and overruled. No decision was made as to the demurrers to the replications to the first three pleas. Final judgment for the defendants.

The only question before us arises from the decision of the demurrers to the fourth and fifth pleas.

Passing over the objection to these pleas, that they answer but one count without designating which, we shall confine ourselves to the inquiry whether they show a want of consideration for the note mentioned in the declaration, supposing the first and second counts to be founded upon the same note.

It is contended by the defendants in error, that the note is invalid for want of a consideration, because *Scott*, *Wise*, and *Jacob Harper*, being the joint administrators of *Rose*, had no authority to make the compromise or settlement of the partnership business of the firm of *Rose* and *Harpers*, on which the note was founded. This objection is based upon the rule of law, that co-administrators having a joint and entire authority over and interest in the estate which they represent, cannot convey or release that authority and interest, one to the other. The rule of law is correctly stated, and if it be applicable to the transaction which gave rise to the note, the objection must prevail.

But we do not view the compromise or settlement of the concerns of the firm of *Rose* and *Harpers*, as a transaction between the three administrators of *Rose*, as such, in which *Scott* and *Wise* attempted to convey or release to *Jacob Harper* any portion of the joint and entire authority or interest held by them all. It was a transaction between *Scott* and *Wise*, as two of the representatives of *Rose*, on one side, and *Jacob Harper* in his individual capacity, on the other, in which, the sum due to the estate of *Rose*, the deceased member of the firm, from *Jacob Harper*, another member, was ascertained on a compromise or settlement of the partnership business. If *Scott* and *Wise*, without *Harper*, were competent to perform any of the duties of administration, they were competent to make this adjustment with him personally, as much so as if they had been settling the accounts of the estate with any other person. That the acts of one of several joint executors, in respect to the administration of an estate, are deemed to be the acts of all, and are valid, has never been doubted. 2 Will. on Ex. 620.—*Wheeler* v. *Wheeler*, 9 Cow. 34. And it is now equally well settled, that one of several administrators stands on the same footing, and possesses the same authority. *Jacomb* v. *Harwood*, 2 Ves. Sen. 265.—*Douglass* v. *Satterlee*, 11 Johns. 16.—*Murray* v. *Blatchford*, 1 Wend. 583.

It was the duty of the administrators of *Rose* to settle the accounts and collect the debts of his estate; and as any one or any two of them were competent to do this, we view the settlement, made by *Scott* and *Wise* with *Jacob Harper*, in the same light as if they had made a settlement of the accounts of the estate with any other person indebted to it. A note given to them by such a person, upon such a settlement, must have been founded on a good consideration; and so is the note in question, made by *Jacob Harper* for his individual debt due the estate. There is no distinction between the two cases as to the validity of the note.

The demurrers to the fourth and fifth pleas should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Whitcomb* and *J. Law*, for the plaintiff.

*S. Judah*, for the defendants.