### WILLIAMS vs. ELY.

The "act to declare the rights and privileges of such persons as may enrol themselves in the service of the country," approved May 25, 1861, was not intended to apply to cases in which all the rights of the defendant were fixed by a final judgment previous to the application for a stay of proceedings under the act.

The enlistment of a defendant in the active militia in the service of the state or of the U. S., is no ground for staying proceedings upon a judgment of foreclosure, rendered before the time of such enlistment.

June Term, 1861.

WILLIAMS v. ELY.

APPEAL from the Circuit Court for *Rock* County.

*H. K. Whiton* for appellant.

*E. E. Boies*, for respondent.

*By the Court*, DIXON, C. J. This is an appeal from an order of the circuit court of Rock county staying the appellant's proceedings upon a judgment of foreclosure and sale. It appears that the judgment was rendered on the 1st day of July, 1859, and that the mortgaged premises were advertised to be sold on the 12th of June last. On the 1st day of June, the defendant *Ely*, by his attorney, upon affidavit that he had enlisted in the active militia and was then in the service of the state of Wisconsin or of the United States, applied to the court for a stay of proceedings under the "act to declare the rights and privileges of such persons as may enroll themselves in the service of the country," approved May 25, 1861, Laws of 1861, p. 334. The order was granted, and the plaintiff brings this appeal.

It is unnecessary for us to consider the constitutional objections which are urged to the act, since we are clearly of opinion that the case does not come within its provisions. It was evidently intended to apply to *pending* actions, where the liability of the defendant is still open to contest and litigation, and where it may be supposed that his interests will be jeopardized by proceedings taken in his absence ; and not to a case like this where all his rights are fixed by a final judgment. This is apparent from the efficient words of the act, which are, that " it shall be the duty of every court or judge thereof, and every justice of the peace, whenever it shall be made to appear by affidavit or otherwise, in the *course* of any civil action or proceeding whatever, that any party defendant thereto is a member or officer of any company, regiment, corps or division in the service of the United States, or of this state, *to cause such action or proceeding to be stricken from the calendar*, and to suspend all proceedings in

November 2.

such action or proceeding until it shall be made to appear that such party defendant is no longer a member or officer of such company, regiment, corps or division." The word "course," in this connection, signifies progressive action in a suit or proceeding not yet determined; and the provision for striking the cause from the calendar seems to place the intention of the legislature beyond doubt.

For these reasons the order is reversed, and the cause remanded for further proceedings according to law.