June Term,
1862.

Hitchcock
v.
Merrick et al.

---

## Hitchcock vs. Merrick and others.

A complaint to foreclose a mortgage for over $11,000, stated that the sum due was *three* thousand three hundred and fifty nine 60-100 dollars, with interest, &c . On the trial the plaintiff applied orally for leave to amend the complaint by striking out the first "three," as being a clerical mistake, and inserting " eleven" in its place.   The court, at the time of filing its finding that there was $11,359.60, with interest, &c. due on the mortgage, ordered that the complaint be amended by stating therein correctly the amount due.  *Held*, that the amendment was proper, there being no reason to suppose the defendant was surprised by it.

A testator, whose domicil was in New York, after sundry general and specific legacies, bequeathed all the residue of his estate to his son, and appointed the son and two other persons his executors.   Letters testamentary issued January 11th, 1858.   On the 10th of December, 1858, the other executors assigned and released to the son, as his absolute property, a bond and mortgage which belonged to the estate, and which had not been specifically bequeathed.  *Held*, that the son acquired a good title to the bond and mortgage as against the mortgagor.

No title would have passed to the son by the assignment considered as an independent transfer by his co-executors; but under the assignment and the will together, he took the property as residuary legatee.   It was a transaction between the two executors on the one side, and the son in his individual capacity on the other.

The provisions of chapter 6 of the Revised Statutes of New York, so far as they direct that legacies shall not be paid until after the expiration of one year from the time of granting letters, &c., were intended for the benefit of creditors, and no others can take advantage of them.

The fees of a clerk of the circuit court cannot exceed ten dollars in one case (sec. 7, chap. 133, R. S.), and a clerk cannot tax a larger sum in one case for the fees of himself and his *predecessor* in office.

The law does not allow the clerk a fee for a commission to take the testimony of absent witnesses.   It is the duty of the attorneys and clerk to prepare such papers without any compensation in addition to what is specifically given them for services.

It is competent for a mortgagor to stipulate for the payment of a reasonable attorney's fee in case of foreclosure, and it will be presumed that such a stipula-

June Term,
1862.

HITCHCOCK
v.
MERRICK'et al.

tion is made with reference to the costs given by law, and as an additional allowance.

A stipulation for the payment by the mortgagor of $25, as an attorney's fee, on the foreclosure of a mortgage for $11,000, is not unreasonable.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by *Thomas Hitchcock* to foreclose a mortgage made by *Merrick* to William R. Hitchcock. The complaint described the bond secured by the mortgage, as being for $11,-359.60, and stated that the sum due thereon was *three* thousand three hundred and fifty nine 60-100 dollars, with interest, &c. It also stated that the bond and mortgage had been "legally assigned" to the plaintiff, and that he was their lawful owner and holder. The answer denied this allegation, and stated that Wm. R. Hitchcock, the mortgagee, had died without having made any transfer of the bond or mortgage, and that the plaintiff was one of his executors.—On the trial, it appeared that the mortgagee died in New York on the 27th of December, 1857, having by his last will, after bequests of considerable sums of money to his other children, and a specific bequest of household goods, &c., devised and bequeathed all the residue of his estate, real and personal, to his son, the plaintiff in this action, and appointed the plaintiff and L. C. Squires and W. T. Cook his executors; that letters testamentary were issued January 11th, 1858; that on the 10th of December, 1858, said Squires and Cook executed an instrument under their seals, which recited that in execution of said will, and in consideration of one dollar and other valuable considerations to them as such executors in hand paid by said *Thomas Hitchcock*, they thereby assigned and released to said *Thomas*, as his sole and absolute property, the mortgage and bond above mentioned, and all the right which they, as such executors, had therein. The deposition of the plaintiff was offered in evidence, but the defendant objected to it as being incompetent. The objection was overruled, and exception taken. The deposition was taken December 20th, 1860. It stated that there was no money consideration paid by the plaintiff for the assignment of the bond and mortgage, and that the estate of the testator was fully settled, except certain trusts as to real es-

tate for the lives of two of the testator's daughters. There was annexed to the deposition a paper, which the deponent stated was "an examined and exemplified copy of the will of William R. Hitchcock, deceased, and of the record of the probate thereof." There was also annexed a certificate of the surrogate of the county of New York, dated December 20th, 1860, stating that letters testamentary on said estate were duly granted to *Thomas Hitchcock* and Lewis C. Squires on the 11th of January, 1858, and to W. T. Cook on the 20th of February following, and that it did not appear that said letters had been revoked.—The plaintiff, during the trial, applied orally for leave to amend the complaint by striking out the word "three" and inserting "eleven," in the statement of the amount due on the mortgage, in order to correct what was alleged to be a clerical mistake; and the court, at the time of filing its decision in the case, made an order as follows: "It appearing that the averment in the complaint as to the amount due on the bond and mortgage therein mentioned, is incorrect, and that there is actually due thereon the sum of $11,359.60, with interest from &c., it is ordered that said complaint in this particular be amended, by correctly stating therein said amount so due in place of the amount stated therein to be due." To this order the defendant excepted. The defendant read in evidence sec. 48 of chapter 6 of the Revised Statutes of New York, which is as follows: "No legacies shall be paid by any executor or administrator, until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are directed by the will to be sooner paid;" and part of section 50 of said chapter, which is as follows: "After the expiration of one year from the granting of any letters testamentary or of administration, the executor or administrator shall discharge the legacies bequeathed by any will, and pay the general legacies if there be assets; and if there be not sufficient assets, then an abatement of the general legacies shall be made in equal proportion;" and section 49 of the same chapter, which is as follows: "In case a legacy is directed to be sooner paid, the executor or administrator may require a bond with *two suf-*

ficient sureties, that if any debts against the deceased shall duly appear which there shall be no other assets to pay, and there shall be no other assets to pay other legacies, or not sufficient, that then the legatee shall refund the legacy so paid, or such ratable proportion thereof, with the other legatees, as may be neccessary for the payment of the said debts, and the proportionate parts of such other legacies, if there be any, and the costs and charges incurred by reason of the payment to such legatee ; and that if the probate of the will under which such legacy is paid, shall be revoked, or the will declared void, then that such legatee shall refund the whole of such legacy, with interest, to the executor or administrator entitled thereto." The will of the testator, according to the copy of it annexed to the plaintiff's deposition, contained no direction as to the time when the residuary estate bequeathed to the plaintiff should be paid. The court found that the plaintiff, as residuary legatee under said will, and by assignment from his co-executors, became the owner of the bond and mortgage in suit, and rendered judgment of foreclosure for the amount due thereon.

The plaintiff procured the clerk to tax the costs, and he taxed, as fees for himself and his predecessor in office, $14.30, and among disbursements $3.50 paid by the plaintiff to the late clerk for a commission to take the testimony of non-resident witnesses ; and for plaintiff's attorney's fees $25.00, and for solicitor's fee $25—(there being a covenant in the mortgage to pay $25 as solicitor's fee, over and above all the costs and charges in case of foreclosure). The defendant Merrick applied to the court to correct this taxation, but the court affirmed it, and Merrick excepted. It was admitted that the $3.50 for the commission was for money paid to the late clerk while he was in office, and that he had gone out of office before the trial of the cause. Merrick appealed.

Jason Downer, for appellants :

1. The clerk's fees are limited to $10.00, and the taxation of more was erroneous. 2. The allowance of $50 attorney's fees, in addition to disbursements, was erroneous. 3. The complaint does not allege any valid transfer of the mortgage to the plaintiff. It does not state who assigned the mortgage

to the plaintiff. The words "legally assigned" and "lawful holder and owner" are mere conclusions of law from facts which ought to have been, but are not, alleged. 4. The assignment of the bond and the mortgage by two of the executors to the plaintiff, who was the other executor, was void. *Wheeler vs. Wheeler*, 9 Cow., 34; Story on Agency, §§ 210, 211. But it is said that the plaintiff is residuary legatee, and the bond and mortgage were assigned to him by the will. When does a residuary legatee, who is also executor, cease to hold the property of the estate as executor, and acquire an absolute title to it as his own? When all the debts and legacies are paid, and he has settled his account with the probate court, given a refunding bond, and obtained an order of the court awarding to him the *residuum.* Rev. Stat. N. Y., vol. 3, chap. 6, secs., 48–50; 3 Munford, 29. What proof is there of any settlement of the estate of William R. Hitchcock? One of the questions put to the plaintiff was, whether said estate was fully settled, and if so, when. He answers that the estate was fully settled except the trusts as to real estate for the lives of certain devisees. This evidently has no reference to any settlement before the surrogate court, but to what the executors had done themselves by way of carrying out the provisions of the will. The deposition was taken December 20th, 1860; the action was commenced in July of that year, and as the witness, though asked to state when the estate was settled, is silent upon that subject, the strong presumption is, that it had not been settled when the suit was commenced. The whole case shows that there has been an attempt to evade our laws. Letters testamentary should have been taken out here. 5. There was a fatal variance between the proof and the complaint. The death of Hitchcock was not averred, nor administration on his estate in New York, nor an assignment of the mortgage as proved. 6. The court erred in allowing the complaint to be amended. 7. The deposition of the plaintiff should not have been admitted in evidence for any purpose, until the will of Wm. R. Hitchcock was duly proved. The alleged copy attached to the deposition was not authorized as required. Rev. Stat., chap. 137, sec. 71. The proof as

to its being a sworn or examined copy is insufficient. C. & H's Notes, 1065, Note 719 ; 2 Watts, 75 ; 9 Pet., 63–7 ; 6 Carr. & Paine, 71. The will not being proved, the whole deposition was secondary evidence only.

*Butler, Buttrick & Cottrill,* for respondent :

The assignment of the bond and mortgage is valid, notwithstanding the statute of New York. The provisions of that statute are for the benefit of creditors of the estate, and they alone could object to the assignment. The will is set forth in the case, from which it appears that the bond and mortgage were not specifically bequeathed ; they pass therefore to the plaintiff as residuary legatee. They vested in him immediately on the death of the testator. Bacon's Abr. Tit. "Wills & Testaments" (F,) p. 532 ; *Bishop vs. Bishop,* 4 Hill, 138 ; *Patterson vs. Ellis,* 11 Wend., 259, 673. It could be defeated only by the property's being absorbed in the payment of the testator's debts. But the estate being settled, and the debts paid, the respondent's title related back to the time of the testator's death, and he was the "real party in interest" within the meaning of the statute. *Hastings vs. McKinley,* 1 E. D. Smith, 273 ; *Runyan vs. Mersereau,* 11 Johns., 534 ; *Smith vs. Webb,* 1 Barb., 230 ; *Heath vs. Hall,* 4 Taunt., 326 ; *Combs vs. Bateman,* 10 Barb., 573 ; *Dawson vs. Coles,* 16 Johns., 51 ; *Slaughter vs. Foust,* 4 Blackf., 380 ; *Montgomery vs. Dillingham,* 3 S. & M., 647.

*By the Court,* DIXON, C. J. It is not pretended the defendant was surprised by the amendment. It is very obvious he could not have been. *Fisk vs. Tank,* 12 Wis., 277 ; *Gillett vs. Robbins,* id., 319 ; *Bonner vs. Insurance Co.* 13 Wis., 677.

It seems clear to us that the plaintiff showed a good title to the bond and mortgage, as against the defendant. The provision of the New York statute is intended for the benefit of the creditors merely, and no other can take advantage of it. Executors have an absolute power of disposal of the personal effects of their testator. They may even dispose of a chattel specifically bequeathed, and the title of the alienee cannot be disputed, Williams on Exr's, 796 ; *Williams vs. Ely,* 14 Wis., 236. It is probable that the creditors may, under the

*Margin notes:*
June Term, 1862.

HITCHCOCK
v.
MERRICK et al.

September 1.

statute, follow the property or its proceeds into the hands of the legatee, and compel him to account, but until that is done, his title cannot be otherwise questioned, and his release or discharge of the debt will be good. The executors may charge themselves upon their bond, which is in general a sufficient means of protection to creditors. The statute prescribes the duty of executors in this respect, and does not take away their general power to dispose of the personal estate which belonged to the testator. They may make such disposition of it as they please, but if they apply it in payment of legacies within the year, they become personally responsible to his creditors.

The clerk clearly exceeded his powers in taxing $14.30 as fees for himself and his predecessor in office. The statute expressly limits the fees of the clerk, in cases like this, to $10. R. S., chap. 133, sec. 17. There was no authority for taxing more. The item of $3.50 paid to the former clerk for a commission to take the testimony of non-resident witnesses was likewise improper. No such fee is allowed by law. It is the business of the attorneys and clerk to prepare such papers without compensation in addition to what is specifically given them for such services. The defendant took the proper steps to rid himself of those illegal items. He moved the court for a re-taxation, and the taxation of the clerk being affirmed, he excepted. Cord vs. Southwell, ante, p. 211. The court should have stricken out the item of $3.50, and reduced the clerk's fees to $10.

It is competent for the parties to stipulate for a reasonable attorney's fee in case of foreclosure. Tallman vs. Truesdell, 3 Wis., 454; Boyd vs. Sumner, 10 Wis., 41; Rice vs. Cribbs, 12 Wis., 179. It must be presumed that such stipulations are made in reference to the costs given by law, and as an additional allowance. The fee in this case is not excessive.

The cause must be remanded with directions that the judgment be modified in accordance with this opinion. Judgment in this court for costs in favor of the appellant.

On a motion for a rehearing, which was denied, the following opinion was filed:

*By the Court,* DIXON, C. J.   The defendant's counsel moves for a rehearing.   He thinks we must have overlooked the fourth point in his brief, that the assignment of the bond and mortgage to the plaintiff was void for the reason that one executor cannot transfer his interest in the estate to another.   We admit the correctness of the general doctrine that several executors are esteemed in law but as one person, representing the testator; that the acts done by one of them relating to the delivery, sale, payment, possession or release of the testator's goods, are deemed the acts of all; and that if one grants or releases his interest in the estate to the other, nothing passes, because each was possessed before of the whole.   9 Conn., 34; 3 Bac. Abr. Title "Executors and Administrators" (D). But we think the doctrine inapplicable here, or that cases like this should constitute an exception.   The plaintiff stood in the double relation of co-executor and residuary legatee.   As executor, he held the estate in trust for the purposes of the will.   As legatee, he had a vested interest in his own right, under the will, in the whole estate, subject to the payment of debts and other legacies.   With the assent of his co-executors, we think it was competent for him to take title in his own right to a part or the whole of the residuum within the year and before final settlement of the estate.   It is a well established rule that executors are not obliged to wait, but when the circumstances of the estate will permit, they may discharge legacies at once. 2 Williams on Executors, 1190.   "I know of no case," says Lord ELDON in *Augustin vs. Martin,* 1 Turner & Russell, 232, "which prevents executors, if they choose, from paying legacies or *handing over the residue within the year,* and if it is clear, *currente anno,* that the fund for the payment of debts and legacies is sufficient, there can be no inconvenience in so doing."   As an independent transfer from his co-executors, no title would have passed; but connected with the will and by virtue thereof, the plaintiff took the property in the capacity of residuary legatee.   Otherwise he could never acquire title in his own right, for the principle contended for, if carried to its strict logical results, would prevent an assignment as well after as before a settle-

<div style="margin-left:auto">June Term,
1862.

HITCHCOCK
v.
MERRICK et al.</div>

June Term, 1862.

ment. It was a transaction between Squires and Cook as executors on the one side, and the plaintiff in his individual capacity on the other. See *Herald vs. Harper*, 8 Blackf., 170. Motion denied.