## LEWIS KURTZ, ET AL., V. SPONABLE, ET AL.

1. ASSIGNMENT *of a Debt, operates as an assignment of the Security.* An assignment of a debt carries with it the mortgage made to secure the debt, and ordinarily, whoever owns the debt is likewise the owner of the mortgage; and as this is a conclusion of law, it need not be averred in a petition to foreclose the mortgage when it plainly appears that the debt is assigned.

2. CONTRACT—STIPULATION—*Made in violation of Law, is void.* A mortgage made in July, 1868, covenanted for the payment of the debt secured and for twelve per cent. interest thereon, and the further sum of two hundred dollars liquidated damages, in case of foreclosure of the mortgage : *Held,* that the stipulation for liquidated damages in such case is in contravention of the law, and void.

*Error from Riley District Court.*

ACTION brought by *Sponable, Stoddart & Empie,* to foreclose a mortgage given by *Lewis Kurtz* and *Mary A.,* his wife, in July, 1868, to secure a promissory note given said *Lewis* Kurtz to *Stoddart.* The petition alleged the assignment of the *note* to the plaintiffs, and stated that the mortgage was given to secure the payment of said note. It stated the conditions of the mortgage, whereby it appears that the plaintiffs in error had covenanted for " the payment of twelve per cent. interest on the note, " and for the further sum of *two hundred dollars liquidated* " *damages* in case of foreclosure of the mortgage." There is no allegation in the petition that the *mortgage* was assigned or transferred to the plaintiffs below, nor any allegation that said plaintiffs owned said mortgage. Defendants below demurred to the petition, alleging that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and gave judgment for the full amount of the note and interest, and for the said " two hundred dollars stipulated damages," and ordered that the mortgaged premises be sold to satisfy such judgment.

*Kurtz* and wife excepted, and bring the case here on error for review.

*A. L. Williams*, for plaintiffs in error :

1. The plaintiffs had no right to foreclose a mortgage which they did not own. 4 Ohio, 318; 8 id., 222.

Assigning a note made by *Lewis* Kurtz does not pass a mortgage made by *Mary* Kurtz; nor can the assignee of such note alone maintain an action to foreclose the mortgage against both. 1 Hilliard on Mort., p. 235; 8 Mass., 558; 17 id., 425.

2. The court erred in rendering judgment for " $200 liquidated damages."

If that were meant for " attorneys fees," the law fixed the amount to be taxed, and it was not in the power of the parties to make a contract in derogation of that law. 18 Johns., 219, 226; Comp. Laws, 1862, 722; *Lender v. Caldwell*, 4 Kas., 339.

If not intended for attorneys fees for foreclosure, it must have been made as an inducement to contract for more than twelve per cent. interest, and was void for that reason. Laws of 1863, p. 64; 2 Bl. Com. 340; Sedg. on Dam., 420, 433; 12 Barb., 373.

If the court was authorized to render judgment at all under the pleadings it could only have been for the amount due on the note.

The opinion of the court was delivered by

KINGMAN, C. J. : The defendants in error sued Kurtz and wife on a note and mortgage. The note was made by Kurtz; and the mortgage by Kurtz and wife, to secure the note. The note and mortgage were both made to Stoddart and the note was assigned by him to defendants

in error.   There is no averment in the petition that the mortgage was assigned, nor is there any explicit and positive averment that the defendants in error were the owners of the mortgage.

The plaintiffs in error insist that the judgment of foreclosure on this presentation of facts was unauthorized. It is not pretended that the petition does not show an assignment of the note, and absolute owner-ship thereof by the defendants in error. This we think was sufficient. Under our laws, the mortgage is but appurtenant to the debt; a mere security; and under ordinary circumstances, whoever owns the debt, owns the mortgage. And this is the prevailing doctrine upon this subject in this country. An assignment of the debt ordinarily carries the mortgage with it: 1 Hilliard on Mortgages, 221. That there are decisions holding a contrary doctrine is admitted, but they are not very generally followed, and are hardly applicable to our laws as to mortgages.

*1. Assignment of debt—effect on security.*

II. One other error is alleged:  The mortgage was made in July, 1868, and covenanted for the payment of twelve per cent. interest on the note, and the further sum of two hundred dollars as liquidated damages in case of foreclosure of the mortgage; and this sum was included in the judgment. This, we think, was error.

*2. Contract in violation of law is void.*

There is no doubt that the judgment was in accordance with the contract and understanding of the parties; but the contract itself is one that the law will not sanction. It presents the case of one man contracting to pay a certain sum of money at a fixed time with the largest rate of interest allowed by law, with the further stipulation that if the debt is not paid and a foreclosure is resorted to, he

will pay a still larger sum as liquidated damages—not as the costs of the foreclosure, for that is provided for by law, and does not depend upon the contract of the parties; not as attorneys fees, for that the law did not allow: (4 Kans., 339.)   In the language of the learned judge delivering the opinion of the court in the case of *Gray v. Crosby,* 18 Johns., 223, " Liquidated damages are not " applicable to such a case.   If they were they might " afford a secure protection for usury, and countenance " oppression under the forms of law."   See also 16 Ill., 400, and Sedg. on the Measure of Dam., 420, 442.

The judgment must be modified by leaving out of it the sum of two hundred dollars allowed as liquidated damages.   Ordered accordingly.

All the Justices concurring.