## WM. THOLEN v. OWEN DUFFY.

1. INTEREST—*Contracts not usurious.* The taking of full legal interest in advance on a loan upon note and mortgage for one year is not usurious.

2. ATTORNEY'S FEES—*Stipulation to pay, is valid.* A stipulation in a mortgage executed since October 31, 1868, to pay any reasonable sum for attorney's fees upon foreclosure, is valid.

*Error from Leavenworth District Court.*

ON the 28th of January, 1869, *Duffy* loaned *Tholen* $1,000 in money, upon a contract between them that *Tholen* should pay interest thereon for one year *in advance* at the rate of twelve per cent. The interest being $120, *Duffy* gave *Tholen* the remaining $880, and took the latter's note for $1,000 payable at the end of one year, without interest, but containing a stipulation to pay interest (on said $1,000) *from maturity* until paid at the rate of twelve per cent. per annum. And on the same day, the said *Tholen*, with Hannah, his wife, executed and delivered to the said *Duffy*, a mortgage to secure the payment of said note, which mortgage, in addition to the usual matters in an ordinary mortgage, contained the following clause:

"And the said parties of the first part hereby agree that ten per cent. upon the amount due on said note at time of any judgment rendered thereon shall be added to the same, and judgment rendered therefor, for attorney's fees for collection and services."

Default having been made in the payment of the note, *Duffy* commenced his action to recover of *Tholen* the amount of said note, and to foreclose said mortgage, etc. Defendant tendered to plaintiff the sum of $880, which was refused. Defendant then answered, setting up the

facts, and claimed that the contract was usurious; that having received only $880, the agreement to pay therefor the sum of $1,000 at the end of a year was an agreement to pay a greater sum than twelve dollars upon one hundred dollars for the use thereof for one year, (ch. 51, § 21, Gen. Stat.,) and that so far as regarded *interest,* the said agreement was void.   The case was tried at the May Term, 1870.   The court instructed the jury that the contract was valid, and also that the stipulation in the mortgage was legal, and that after ascertaining the amount of principal and interest due on the note they could add to such sum ten per cent of the amount thereof, and to return a verdict accordingly.   Defendant excepted, and his motion for a new trial being overruled, he brings the case here by petition in error.

*Stillings & Fenlon,* for plaintiff in error:

1. The contract to pay interest is void.   If it shall be held valid, the plaintiff in error was liable to pay, the day after the note became due, $120 for the use of $880 one year, or $14.40 *more* than 12 per cent. on the sum received.

The question as to the right to take 12 per cent. interest on $1,000 when there was in fact only $880 loaned, will depend on the construction of ch. 51, Gen. Stat., pp. 525, 526, and especially § 3.   There must be some limit to the making of such contracts, as the time would only have to be. extended eight and one-third years to give Duffy his note and mortgage for nothing.  3 Wis., 452; 12 New York, 223; 25 Yelv., 31; 5 B. and Ald., 40; 5 Paige, 98.

2. On the question as to right of defendant in error to collect ten per cent. to pay his attorney, in addition to the twelve per cent. interest, we refer to 8 Ohio, 257;

13 Ohio, 107, 250; *State v. Taylor*, 10 Ohio, 378; *Shelton v. Gill*, 11 Ohio, 417; *Lender v. Caldwell*, 4 Kas., 339.

It seems to us that this last case settles the question as to the right to collect this ten per cent. It is true that the decision is based on the statute then in force as to taxable costs in foreclosure of mortgage; but the costs which may be taxed by the court are as definitely fixed by statute now as they were then.

*Clough & Wheat*, for defendant in error:

1. The verdict was returned June 1, 1870. On that day, if the note was valid, there was due thereon $1,000 principal, and $40 interest; and on the stipulation in the mortgage, $104; total, $1,144. The verdict was for $1,106.27—being $37.73 *less* than Duffy was entitled to receive.

Usury is the *intentional* taking of more than lawful interest for the use of money. To constitute usury there must be a *loan*, and there must be a *usurious intent*, and both parties must concur in this intent. 2 Pars. on Notes, 405–6.

It is not usurious to discount the full legal rate of interest—that is, to take in advance the full legal rate of interest on an amount agreed to be loaned. 31 Ill., 490; 4 Scam., 21; 15 Johns., 162; 2 Cowen, 664, 678; 12 Pick., 572, 589; 3 Wend., 408.

Such was the rule at common law. In *Lloyd v. Williams*, (2 W. Blackst., 92,) Blackstone, J., said that interest might as lawfully be received beforehand, for forbearing, as after the term had expired; for having forborne; and that it was not to be reckoned as merely a loan for the balance. See also, 1 Bos. & Pul., 144; 2 Term Rep., 52.

2. As to the ten per cent. mortgage clause. If plaintiff in error had chosen so to have done, he could have paid

Tholen v. Duffy.

the note when, or after, it came due, and thus have saved the necessity of paying the ten per cent. agreed on in the mortgage. That such ten per cent. clause is lawful, and can be enforced, is fully shown by a vast number of cases, among which are: *Cutter v. How*, 8 Mass., 257; *Bank v. Allen*, 10 Mass., 284; *Schuck v. Wright*, 1 G. Greene, 128; *Gambrill v. Doe*, 8 Blackf., 140; *Bank v. Curtiss*, 19 Johns., 326; *Fisher v. Otis*, 3 Chand., Wis., 83; *Pollard v. Baylors*, 6 Munf. 433; *Billingsley v. Dean*, 11 Ind., 331; *Pomeroy v. Ainsworth*, 22 Barb., 119; *Bank v. Butts*, 9 Mass., 53.

It is also inferentially shown by the case of *Lender v. Caldwell*, 4 Kas., 339. The statute limiting attorney's fees, referred to in that case, has been repealed by the taking effect of the General Statutes of 1868, before the mortgage given by Tholen to Duffy was made. In this connection see laws of 1870, p. 175, § 13; 26 Ind., 340; 30 Conn., 150.

The opinion of the court was delivered by

BREWER, J.: Only two questions are presented for our consideration in this case: *First*, Is the taking of twelve per cent. interest in advance, on a loan of one thousand dollars made for a year on note and mortgage, usurious? *Second*, Is an agreement in a mortgage to pay ten per cent. attorney's fees upon foreclosure valid and binding?

I. Twelve per cent is the highest legal interest which by the terms of our law parties may contract to pay.

1. INTEREST; contracts not usurious. Exacting this in advance, practically gives to the lender more than twelve per cent. on the amount the borrower actually has the use of during the time of the loan. It seems difficult upon principle to sustain such a transaction. But in cases where note or

bill is given, it is supported by such an overwhelming current of decision, and is a matter of such universal practice, that it may well be considered as engrafted upon the law as a settled rule. 4 Scam., 21; 31 Ill., 490; 12 Pick., 589; 15 Johns., 162; 2 Cowen, 664; 3 Wend., 408; 8 Wheat., 354; 2 Pars. on Cont., (3d ed.,) 408. It was so settled before the passage of our interest law; and if the legislature had intended to change this rule of construction, such intention would have been plainly expressed. It is satisfactory to know that in this way we give effect to a contract entered into by both parties in good faith, and with a full understanding of its terms.

II. The stipulation in the mortgage in regard to attorney's fees is in these words: "And the said parties of the first part hereby agree that ten per cent. upon the amount due on said note at time of any judgment thereon shall be added to the same, and judgment rendered therefor for attorney's fees for collection and services." The learned judge who tried the case charged the jury that this stipulation was valid, and that they might add to the amount found due upon the note, ten per cent. thereof, and bring in a verdict for such sum. The verdict they returned really included only between six and seven per cent. for attorney's fees. Stipulations like this have been sustained by the decisions of many courts, and properly so: 7 Watts, 126; 51 Penn. St., 78; 3 Wis., 454; 10 Wis., 41; 12 Wis., 179, 452; 15 Wis., 522; 16 Wis., 672; 8 Blackf., 140; 1 Nev., 161; 2 Nev., 199; 21 La. An., 607.

It does not violate the usury law, because it is no stipulation to pay for the use of the money borrowed, but only an agreement to compensate the mortgagee for the expenses of compelling the mortgagor to perform his contract. If the mortgagor pay the money borrowed at the

time it becomes due, as he has promised to do, he incurs no loss by reason of this clause in the mortgage. He is wholly released by the payment of the money borrowed, and the stipulated interest. Where by the term of a contract, a party can discharge himself by paying the real amount due, the transaction is not usurious. Bac. Abr., Title, *Usury*, (6;) *Billingsley v. Dean*, 11 Ind., 331; *Lawrence v. Cowlse*, 13 Ill., 577; *Gould v. The Bishop Hill Co.*, 35 Ill., 325. Nor is it against public policy that the expense of a litigation should be borne by the party whose breach of his contract necessitates such litigation. On the contrary, it accords fully with the soundest principles. Our statutes, as well as those of nearly if not quite all of the States, provide that the costs—using the term in the limited sense as embracing the amounts due the sheriff, the clerk, and other officers of the court, for their services in the case—shall be paid by the losing party. The theory is, that the determination of the suit has shown that his wrong caused the litigation, and therefore he should bear the expense. And in many States the court is authorized to award to the successful party, in addition to the amount found due, and the court expenses, certain sums for his attorney's costs. Our statutes do not provide for this additional allowance. But this omission to provide for such compensation in all cases is no argument against the right of the parties to contract for it in some. The decision of this court in *Lender v. Caldwell*, 4 Kas., 339, does not controvert these views. This was the law then in force—Comp. Laws, 1862, p. 722: "Sec. 3.* * * No court shall tax over two dollars as attorney's fees in any case for foreclosure of any mortgage, or trust deed, or for collection of the same." The court, quoting this section, add these words: "No language of ours can make this prohibition plainer than the statute itself. A

contract between the parties in derogation of this statute cannot be enforced." Yet this statute impliedly recognized the validity of a contract of the nature of the one in question. The restriction was as to the amount, not the fact of the contract. It must not be for over two dollars. But said provision was repealed in 1868. There is now in the statutes of this State no restriction upon such a contract. On the contrary, in the laws of 1870, p. 175, § 13, concerning the foreclosure of mortgages, deeds of trust, etc., it is provided, that "the court shall tax the costs, attorney's fees, and expenses which may accrue in the action." This evidently contemplates the making of such contracts as this. It is true, there may be cases where the amount stipulated to be paid is so excessive that a court of equity will not enforce it. But this is not one of such cases. It does not appear in the record, and is not a matter that this court can take judicial notice of, but it is a matter of general notoriety that the amount stipulated in this mortgage is the minimum fixed by the fee bill of the attorneys of the First Judicial District, the district in which this mortgage was executed and foreclosed. We see no error in this ruling of the court. Judgment affirmed.

All the Justices concurring.