Elizabeth Stover, et al., v. Isaac Johnnycake.

Attorney's Fees — *When may be Taxed, and when not.* It is error for the court, in an action to foreclose a mortgage, to render a judgment against the mortgagors, for the attorney's fees of the mortgagee, where there is no contract or stipulation in the mortgage, or elsewhere, requiring the payment of attorney's fees.

*Error from Wyandotte District Court.*

On the 3d of May 1871 *Johnnycake* commenced an action to foreclose a mortgage executed to and in his favor by *Elizabeth Stover* and her husband. At the October Term 1871 of the district court, when said case was called for trial, the parties appeared and filed a written statement of facts, as follows:

[Title.] "It is admitted and stipulated herein, that on the 6th day of October 1871 the defendants brought into court and tendered to plaintiff the full amount of principal and interest due plaintiff on the note and mortgage sued upon in the above entitled action, being $1,497, and that said defendants paid the costs in full then due; and that on the 9th day of October 1871 the plaintiff accepted said amount

of money, ($1,497,) in full payment of principal and interest of said note, but refused to dismiss this action on the ground that he claimed that defendants should pay an attorney fee to his (plaintiff's) attorneys. The defendants object to the payment of such attorney fee, and the matter is submitted to the court for trial, a jury being waived by consent of parties."

The plaintiff's petition demanded judgment of foreclosure, etc., to satisfy the amount of principal and interest due on said note, "and the costs of suit in accordance with the statute in such case made and provided." The mortgage which was annexed to the petition, contained no stipulation or provision for the payment of any attorney fee in case of foreclosure. Upon the petition and the agreed statement of facts the court found "that the plaintiff is entitled to have and recover of the defendants an attorney fee in this action, which is here taxed at one hundred dollars," and gave judgment accordingly. The defendants bring the case here on error.

*D. B. Hadley,* for plaintiffs in error:

This case presents the simple question: Can the court render a judgment against the mortgagors, in a suit to foreclose the mortgage, for the fees of the attorney of the mortgagee, when there is no contract in the mortgage authorizing the court so to do? If so, it must be by some statutory provision, or some well-established precedent. We find no statute on the subject until the one passed in January, 1859, which prohibits any court allowing over two dollars attorney's fees in the foreclosure of a mortgage or trust deed, or the collection of the same. Comp. Laws, 722, § 3. This act was repealed by § 2, ch. 119, Gen. Stat., 1868; but nowhere has there been any statute authorizing a court to allow any such fee.

But it is claimed that § 399 of the code, as amended by § 13, ch. 87, Laws of 1870, p. 175, authorizes the allowance by court of an attorney fee in all actions mentioned in that section. But does this section authorize a judgment for attorney's fees where the mortgagor has entered into no *contract* to pay them? If it does, then it is unconstitutional.

But the more rational construction of this statute is, that it relates to those cases where the defendant has contracted to stand good for such attorney fees.

Can attorney's fees come in under the head of "costs?" If so, what use to mention them separate from "costs?" But this question has been already settled by this court in the case of *Swartzel v. Rogers*, 3 Kas., 380, where it is declared that attorney's fees are not included in the term "costs." 10 Ohio, 378; 11 id., 417, 419. The term "costs," must mean all such sums as are allowed to officers of court and witnesses, which are established by statute. "Attorney's fees" must relate to such as are agreed to be paid in the mortgage, or trust deed, for there could not well arise a case where attorney's fees would be legally taxable under the head of "other lien or charge." The term "expenses," may relate to cases arising under the head of "other lien or charge." But the decision in *Swartzel v. Rogers* precludes the idea of attorney's fees being taxed either under the head of "costs" or "expenses."

The case for the foreclosure of a mortgage, stands upon the basis of all suits in court, so far as costs are concerned, as well as attorney's fees—each party pays his own attorneys. A court might just as well tax the fees for plaintiffs' attorney upon defendant in all actions on a book account, promissory note, or in slander, as to tax them in a suit to foreclose a mortgage without a contract to pay such fees. It is therefore submitted that the judgment for an attorney fee of $100 was an error, and ought to be reversed.

*Cobb & Alden*, for defendant in error:

Attorney's fees are the subject of legislative regulations, the same as costs. Neither can be taxed except by virtue of statutory enactment. 22 Ill., 560; 13 Iowa, 537; 51 Ill., 253.

The true intent of § 13, ch. 87, laws of 1870, is, that that attorney's fees are to be taxed the same as costs in the actions referred to in said section. The words, "the court shall tax the costs, attorney's fees, and expenses which may

accrue in the action, * * * to be collected on the order of sale issued thereon," precludes the idea of any other construction than this. It is discretionary with the court to fix the amount of the fee. If this view is correct then there is no necessity for any stipulation in the mortgage for attorney's fees, any more than there is for a stipulation relative to costs. Both follow of course, as the direct result of the mortgagor's failure to meet his obligation. Neither could be taxed against him except from laches on his part. The law prescribes that if the debtor in the case fails to meet his paper when due, and forces his creditor to his remedy in the courts, that he shall pay "costs, attorney's fees, and expenses, which the court shall tax." See *Tholen v. Duffy*, 7 Kas., 405. The plaintiffs in error have no cause of complaint. They failed to meet their express written obligation, and defendant in error was compelled to employ attorneys to institute proceedings to compel them to perform their contract. If judgment had been rendered for the full amount claimed below, could the defendants below escape the payment of an attorney fee? Does the tender of the amount due, and costs, except attorney fees, on the eve of judgment, make any difference as to the liability of the defendants below? If so, then the law sanctions an injustice, and permits a party to reap advantage by his own wrong.

The opinion of the court was delivered by

VALENTINE, J.: Only one question is presented in this case. Can the court, in an action to foreclose a mortgage, render a judgment against the mortgagors for the fees of the attorney of the mortgagee, when there is no contract or stipulation in the mortgage, or elsewhere, requiring the payment of attorney's fees? This question must be answered in the negative. A judgment for attorney's fees, or counsel's fees, for services rendered in the same case, is never allowed in an action on contract, unless stipulated for, or unless expressly authorized by statute: Sedg. on Damages, 95, et seq., and cases there cited, (page 103, et seq., of 5th ed.;)

*Swartzel v. Rogers,* 3 Kas., 380. And probably such a judgment is never rendered in an action of tort: *Fairbanks v. Witter,* 18 Wis., 287. The following cases, found in the Kansas Reports, though upon a kindred subject are not applicable to this case, to wit: *Lender v. Caldwell,* 4 Kas., 339; *Kurtz v. Sponable,* 6 Kas., 395; *Tholen v. Duffey,* 7 Kas., 405.

It is not claimed that the judgment in this case was rendered upon any stipulation for attorney's fees; but it is claimed that it was rendered under authority given by the statutes. The only statute upon which such claim is or can be made reads as follows:

"SEC. 399. In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due, as well to the plaintiff as other parties to the action having liens upon the mortgaged premises, by mortgage or otherwise, with interest thereon, and for the sale of the property charged and the application of the proceeds; or such application may be reserved for the further order of the court; and the court shall tax the *costs,* ATTORNEY'S FEES, and *expenses which may accrue in the action,* and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon," etc. (Laws of 1870, page 175, § 13.)

As we understand this statute it does not pretend to give attorney's fees where they are not otherwise or elsewhere authorized by law. This statute, as we read it, gives to the party entitled to receive the same such *costs,* such *attorney's fees,* and such *expenses,* and such only, as are otherwise and elsewhere authorized by law. The main object of this statute is to provide that these costs, attorney's fees, and expenses may be taxed and *apportioned* among the parties according to their respective interests, and not to provide for taxing costs, attorney's fees, and expenses, that would not otherwise be allowed. A proper reading of the statute would probably be as follows: The court may tax such costs, and such only, as may legally accrue in the action; it may tax such attorney's fees, and such only, as may legally accrue in the action;

and may tax such expenses, and such only, as may legally accrue in the action; and these costs, attorney's fees, and expenses, must each be apportioned according to the respective interests of the parties. These costs, attorney's fees, and expenses are not only taxed and apportioned "in actions to enforce mortgages," but also in actions to "enforce" deeds of trust, and all other liens and charges. Now under this statute, as the expenses which accrue in the action may be taxed in every action, and in every case where attorney's fees may be taxed, will it be claimed that a judgment may be rendered for the plaintiff's personal expenses in attending court, or in hunting up his witnesses, or in procuring other evidence, or in visiting his counsel to procure advice, etc.? And if not, how can it be claimed that a judgment may be rendered by virtue of this statute alone for attorney's fees? And as the statute simply authorized the taxing of the attorney's fees which accrue in the action, without specifying what attorney's fees, must they be the attorney's fees of the plaintiff alone, or may they be the attorney's fees of the prevailing party? For instance: Suppose a person should sue one or more persons to foreclose a mortgage, or mechanic's lien, or some "other lien or charge," and should fail in the suit: would the defendant, or any one of the defendants, be entitled to recover his attorney's fees from the plaintiff? And further; this statute was passed after the execution of the note and mortgage sued on in this case. Can the statute, then, even with the construction put upon it by the plaintiff below, apply to this note and mortgage, as well as to notes and mortgages executed after its passage?

The judgment of the court below is reversed, and cause remanded with the order that judgment be rendered for the defendants below for their costs expended since the payment of the note, mortgage and costs, on October 9th, 1871, mentioned in the agreed statement of facts.

All the Justices concurring.