• C. C. FOOTE, *et al.*, V. D. V. SPRAGUE.

1. PRACTICE; *Amending Answer; Laches.* Where an action is brought upon a promissory note indorsed by the payee thereof to H., and then indorsed by H. to the plaintiff; and after the case is called for trial upon the issues made by the petition, answer and reply, the defendants ask leave of the court to allow them to amend their answer by verifying the same so as to put in issue the indorsements on said note, but said defendants do not make any showing of diligence, or merits, nor indeed any showing, *held,* not error for the court to refuse to allow said amendment.

2. PRINCIPAL AND SURETY; *Makers of Note.* In an action on a promissory note against two persons who executed the note apparently as joint principals, but who were in fact one a principal and the other his surety, and where the pleadings show this fact, and the petition asks for a judgment against the surety only as a surety, and no issue is made upon the subject, and the surety does not ask the court to render a judgment against himself only as a surety, and it does not seem that the attention of the court was ever called to the fact that the surety was only a surety, *held,* not error for the court to render judgment against the makers of the note as though they were both principals.

3. FORECLOSURE; *Petition; Personal Judgment.* In an action on a promissory note and to foreclose a mortgage given to secure said note, it is not error for the court to render a personal judgment against a defendant who is both a party to the note and mortgage, although the petition merely asks that the mortgage be foreclosed, and the mortgaged property sold to pay the debt, costs, etc., and that execution issue for the balance. Where the prayer of the petition is no more defective than this it may be amended at any time, without costs, so as to make it formal; and upon petition in error it will be considered as so amended.

4. MORTGAGE; *Stipulation; Liquidated Damages; Attorney Fees.* Where a mortgage contains a stipulation that the mortgagor shall pay not only the debt secured by the mortgage, and interest thereon, but also in case of foreclosure the costs "and fifty dollars as liquidated damages for the foreclosure of the mortgage," *held,* that the stipulations for the payment of said fifty dollars as liquidated damages is void, and that a judgment rendered under such a stipulation for fifty dollars as attorney fees is erroneous.

*Error from Pottawatomie District Court.*

FORECLOSURE of mortgage, brought by *Sprague* against *C. C. Foote, Susan Foote,* and *Samuel Cooper.* The mortgage was executed by *C. C. Foote,* and *Susan* his wife, to secure a

note given by said *C. C. Foote* and said *Cooper.* A personal judgment was rendered on the note against the makers thereof, at the August Term 1873 of the district court, and a decree of foreclosure and for the sale of the mortgaged premises was entered against *Foote* and wife. The defendants bring the case here. The errors complained of are stated in the opinion of the court.

*R. S. Hick,* for plaintiffs in error:

1. The district court erred in refusing leave to the defendants below to amend their answer by verifying the second paragraph thereof, denying the indorsement of the note. Had such leave been granted it would have thrown the burden upon the plaintiff below of proving the alleged indorsement by Lewis to Hafer. The defendants were permitted to introduce evidence touching the indorsement for the purpose of letting in the plea of usury, and Lewis and Hafer were examined as witnesses by defendants on that point. But if the burden of proving the indorsement had been thrown upon the *plaintiff,* (as it would have been by the amendment,) these witnesses must have been made his, instead of the defendants', and the defendants would have had a right to cross-examine them, to discredit their testimony by proving contradictory statements, etc., advantages which they did not and could not have when compelled to make them their own witnesses.

2. The court erred in rendering judgment against Cooper as a principal debtor. The defendant in error alleges in his petition that Cooper signed the note as surety, and prays for a judgment against him as surety only.

3. The court erred in rendering a personal judgment against C. C. Foote. No judgment was prayed for against him, in the petition.

4. The petition recites the conditions of the mortgage, and it does not appear that any attorney fee was stipulated for therein; yet the court rendered judgment against C. C. Foote and Cooper for $50 as an attorney fee. This also was error.

If it be claimed that the attorney fee was provided for in the stipulation for "liquidated damages," the answer is, that "liquidated damages" are not attorney fees. No judgment was asked for "liquidated damages," and none rendered, and none could rightfully have been rendered had it been prayed for. The evidence shows clearly that more than 12 per cent. interest was contracted for, without including any damages, "liquidated" or unliquidated. 6 Kas., 395. But whether it was error not to render judgment against Foote for an attorney fee, it certainly was to render such judgment against Cooper, who was not a party to the mortgage.

*Case & Putnam*, for defendant in error. (No brief on file.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and mortgage brought by the defendant in error as plaintiff below against the plaintiffs in error. Judgment was rendered in favor of the plaintiff below. The plaintiffs in error say in their brief, that "The district court erred in refusing leave to the defendants below to amend their answer by verifying the second paragraph thereof denying the indorsement of the note." Said paragraph does not deny said indorsements. It simply denies that the indorsements were made "for value received," as stated in the petition, and then admits the indorsements in the following language, to-wit: "But the said alleged indorsements and assignments were made by the said John Augustus Lewis and W. B. Hafer without consideration, and only for the purpose and with the intent to prevent the defendants from setting up and maintaining their defense to any action that might be brought on said note or mortgage, or either of them, as the plaintiff at the time well knew." John Augustus Lewis was the payee of the note, and the mortgagee. He indorsed the note and assigned the mortgage to W. B. Hafer; and W. B. Hafer indorsed the note and assigned the mortgage to D. V. Sprague, the plaintiff below, defendant in error. The defendants set up the defenses that

the plaintiff below was not the real party in interest, and that the note was given in part for usurious interest. Upon the trial the defendants attempted to prove these defenses; but it was not only shown by the evidence that Lewis and Hafer indorsed said note as alleged in the plaintiff's petition, but that each did it for a full and sufficient consideration; that Hafer and Sprague were *bona fide* purchasers of the note without any knowledge on their part that it was tainted with usury, and that Hafer purchased the note of Lewis before the same became due. But even if the defendants had in said paragraph denied said indorsements, still the district court would not have erred in overruling the application of the defendants below for leave to amend their answer. It seems to be admitted that the answer was filed within the time prescribed by law. But said application to amend the answer by verifying said paragraph was not made until long after the proper time for filing the answer had elapsed. And indeed it was not then made until the case was called peremptorily for trial upon the issues made by the petition, answer and reply. And when it was made it was not founded upon any showing of diligence or merits. There was no attempt made to show why the defendants did not verify their answer when they could have done so without leave of the court, or why they did not make their application for amendment sooner, or why they did not give to the plaintiff notice that they would make such an application. We suppose that it is well known that defendants have no absolute right to amend their answers whenever they may choose to do so. We suppose that it is well known that they can amend only upon leave of the court, and upon such terms as may be just, and that the court may refuse to allow any amendment of a pleading unless it is first shown by proper evidence that it would work injustice to do so.

II. The defendants Cooper and C. C. Foote executed said note as though they were both principals, and neither of them as a surety for the other. But the pleadings show that Cooper was in fact only a surety for C. C. Foote. And the

1. Amending answer; laches.

2. .Principal and surety. plaintiff in the prayer of his petition asks for judgment against Cooper only as a surety. No issue however was ever made on this subject. Cooper never asked the court to render judgment against himself only as a surety. Indeed, it does not seem that the attention of the court was ever called to the fact that Cooper was only a surety. And hence the court rendered judgment against Cooper as well as against Foote as though they were both principals. In this we do not think the court erred. The court was not bound to render the judgment against Cooper merely as a surety unless Cooper himself first asked that it should be done.

III. The plaintiffs in error also complain that the court below rendered a personal judgment against the defendant 3. Petition for foreclosure; prayer for personal judgment. C. C. Foote, although it is claimed that the petition below does not ask for such a judgment. Now, if the petition does not ask for such a judgment we think it comes very near doing so. It asks that the mortgage shall be foreclosed, that the mortgaged property shall be sold to pay the debt evidenced by the note, and to pay the costs, attorney fees, etc., and that execution shall be issued for the balance. And besides, this is the kind of judgment that the law requires shall be rendered in such cases as this. (Laws of 1870, p. 175, § 13.) We think the court did not commit any substantial error in this respect. Where the prayer of the petition is no more defective than the one in this case we think it may be amended at any time, without costs, so as to make it formal; and upon petition in error we will consider it as so amended.

IV. The petition recites the conditions of the mortgage, which show that the mortgagors agreed to pay not only the principal of the debt secured by the mortgage, and interest 4. Mortgage; stipulation; liquidated damages. thereon, but also in case of foreclosure of the mortgage, costs, "and fifty dollars as liquidated damages for the foreclosure." The petition then prays for a judgment that the mortgaged property be "ordered to be sold and the proceeds applied to the payment of said debt, costs, attorney fees, etc." The court rendered a

judgment for fifty dollars as attorney fees for the foreclosure of the mortgage in addition to the debt, interest and costs. This the plaintiffs in error claim was erroneous. Upon this question we are inclined to think the plaintiffs in error are correct. The case seems to fall within the decision made in the case of *Kurtz v. Sponable*, 6 Kas., 395. The stipulation in the mortgage in this case, as it was in that, is for a certain sum to be paid by the debtor as liquidated damages over and above the debt and interest and all legitimate costs. Now what was the term "liquidated damages," in this mortgage, designed to cover? If it was designed to cover attorney fees, why did not the parties say so in the mortgage? If it was designed to cover any legitimate charge or expense, why did they not say so? Why did not the parties state precisely and definitely just what it was designed to cover—just what the damages were intended to be for, so that the courts could see whether the damages were such as could be allowed by law or not? If the damages were for usurious interest, then of course they could not be allowed. And would it be proper to allow an issue to be framed and a trial had to determine whether these "liquidated damages" were intended to cover some legitimate charge or expense, or to cover usurious interest? The two cases of *Kurtz v. Sponable*, supra, and *Tholen v. Duffy*, 7 Kas., 405, show nearly what the opinion of the court is upon this question. If the stipulation in the mortgage is for the payment of something which the court can see is legal, and a valid and legitimate charge or expense, then the court will uphold the same; but if the stipulation is so indefinite that the court cannot tell whether the payment was intended to be for something legal or illegal, then the court will not uphold the stipulation. We think the stipulation is void, and therefore the mortgage is the same as though there were no such stipulation contained in it; and therefore the judgment for fifty dollars as attorney fees is erroneous. (*Stover v. Johnnycake*, 9 Kas., 367.)

This disposes of all the points made in the case. The cause will be remanded with the order that the judgment of

the court below be modified so as to correspond with this opinion. And although we do not think that the court below erred in rendering judgment against said Cooper as principal instead of as surety, yet if the said Cooper so desires it the judgment may still be further modified so that the judgment may be against him as a surety only.

All the Justices concurring.