*By the Court.* — So ordered.

MᴄHᴜɢʜ vs. Tʜᴇ Cʜɪᴄᴀɢᴏ & Nᴏʀᴛʜᴡᴇsᴛᴇʀɴ Rᴀɪʟᴡᴀʏ Cᴏᴍ-
PANY.

*(1) Witness fees.   (2) How order taxing costs to be reviewed.*

1. A party is entitled to tax full fees for his witnesses in a court of record,
   though the same persons may have attended as witnesses for another
   party in another cause at the same term.
2. An appeal from an order taxing the costs does not lie *after* judgment; but
   exceptions to such order will be reviewed on appeal from the judgment.

APPEAL from the Circuit Court for *Juneau* County.

The plaintiff, having recovered a judgment in this case,
sought to have the full statutory costs taxed in his favor for
the travel and attendance of his witnesses at several terms of
the court when the cause had been noticed for trial, before
the term at which it was actually tried. His affidavit of dis-
bursements stated that all of said witnesses were subpœnaed
by him for each of said terms, and were material and necessary
witnesses; and that they had all received their pay to the
amount claimed by him, or that he was liable to them for that
amount. A counter affidavit by one of the defendant's attor-
neys stated that the same witnesses had attended at the same
terms in the case of McNarra against the same defendant, and

that said McNarra had recovered fees for their mileage and attendance; and further stated, "on his knowledge of plaintiff and said McNarra, and his belief," that plaintiff had not paid or become liable to said witnesses for more than one-half of their mileage and attendance at the previous terms. The court allowed plaintiff only one-half the usual amount for the mileage and *per diem* of said witnesses at such previous terms; and he appealed from the order.

*J. W. Lusk*, for the appellant, cited R. S., ch. 136, sec. 3; Tay. Stats., ch. 133, § 25; *Hicks v. Brenner*, 10 Abb. Pr., 304; *Bliss v. Cummings*, 42 N. H., 255; *Jackson v. Hoagland*, 1 Wend., 69.

The brief for the respondent is signed by *Smith & Lamb*, and the appeal was argued orally by *Mr. Lamb*. They cited Tay. Stats., ch. 133, §§ 25–27, 40, 83, 88, 101; and argued that these provisions should be construed together so as to effect the evident intention of the legislature (1 Kent, 7th ed., 513; Potter's Dwarris, 189–191); and that from these provisions it is plain that the legislature intended, (1) That no witness fees should be allowed constructively, or where the service was not actually performed. (2) That no double fee should be allowed for witnesses or others, in any case. (3) That these principles should be laid down so explicitly for justices of the peace (who are not supposed to be lawyers), that there could be no mistake. (4) That the disbursements for witnesses in other courts should be under the control of such courts, and should be allowed only where they "appear to have been necessary and reasonable in amount." They further contended that the counter affidavit was sufficient to put plaintiff upon his proof that he had actually and in good faith paid the very witness fees he claimed to recover, and that such payment was necessary and reasonable. *Dowling v. Bush*, 6 How. Pr., 410.

COLE, J. In this case there was an appeal taken to the cir-

cuit court from the taxation of costs by the clerk. On such retaxation the circuit court made the order from which this appeal is taken, refusing to allow the plaintiff more than one-half of his witness fees. The circuit court held that the plaintiff was not entitled to recover full costs for the travel and attendance of his witnesses, because the same persons had attended as witnesses at the same terms of court in another action brought by a different plaintiff against the same defendant, wherein their fees had been taxed. The counsel for the plaintiff contends, and as we think with good reason, that no deduction for witness fees should be made on that ground. Each plaintiff, he insists, must subpœna witnesses for his own case; must tender them the usual fee for one day's attendance and for travel, without regard to any other litigant; and unless he does this he cannot enforce the attendance of his witnesses by attachment. These views seem to us cogent. But the language of the statute removes all doubt upon the question. That gives a witness for actually attending in any action or proceeding in a court of record, one dollar for each day, and fees for traveling at the rate of six cents per mile in coming from the residence of the witness to the place where the court is held. Sec. 25, ch. 133, Tay. Stats. But the counsel for the defendant has attempted to construct an argument on other provisions of this chapter in support of the position that the legislature intended, where a witness should attend upon two or more causes in a court of record at the same term, that his fees should be equally apportioned among the parties who might subpœna him. The argument is ingenious, but to our minds inconclusive and unsatisfactory. It is true, in case of the attendance of a witness upon two or more cases on the same day before a justice's court, the legislature has seen fit to provide that his fees shall be apportioned among the parties who summon him (sec. 40); but this clearly authorizes the inference that the legislature did not intend to so restrict the fees of witnesses in a court of record. If it had

so intended, it would have said so when its attention was called to the subject. Besides, as the remarks of plaintiff's counsel show, the rule adopted by the circuit court is difficult in its application, and in many cases would involve parties and witnesses in trouble about fees. In view of these considerations, we hold that a party is entitled to tax full fees for his witnesses in a court of record, though the same persons may have attended as witnesses for another party in another cause at the same term.

We have rather reluctantly expressed our views upon this question of practice for the guidance of attorneys, though the point is not properly before us. This is an appeal from an order taxing costs. The costs in an action constitute a part of the judgment, and are necessarily included in it. The judgment is not deemed perfected until the costs are taxed and included in it; and therefore, for the purpose of review, the order must be taken to have been made before the judgment was complete. *Cord v. Southwell*, 15 Wis., 212. An appeal does not lie from the order after judgment. The plaintiff, having excepted to the order, might have taken advantage of the error in the taxation on an appeal from the judgment. *Cord v. Southwell, supra; Hitchcock v. Merrick*, 15 Wis., 522; *Ernst v. The Steamer Brooklyn*, 24 id., 616; *Hoyt v. Jones*, 31 id., 389; *Am. Button Hole etc. Company v. Gurnee*, 38 id., 533.

*By the Court.* — The appeal is dismissed.